Judge Mills
delivered the Opinion of the Court,
This is an action of debt against the principal sheriff and sureties, on his official bond. The breaches assigned are, that the relator had issued an execution and placed it in the hands of the *174 deputy of the sheriff, who had made tire money ^ierecmJ and had failed to return the execution or pay over the money, and that he, the relator, had issued a new execution, which was enjoined, on the ground that the defendant in the execution had paid the moneyto the deputy on the first execution, and that injunction was made perpetual by the decree of a court of equity, to the great cost and damage of the relator. The parties agreed that the court should try the law and facts of the case, as the facts were not disputed or the proof contradictory, and the liability of the sheriff and sureties rested principally on a question of law. It appeared that when the first execution was issued and placed in the hands of the deputy, he held sundry executions of others against the relator, and he, the relator, assigned his execution to the deputy, on the deputy agreeing to give him credit for the amount thereof, on these executions of others which he held in his hands; which credit the deputy failed to give, and of course this action was brought against the principal.
,Judgment of the circuit court.
Whore the plaintiff in giveftottie" cieputy sheriff power over it, gives directions for the of^o'the™1 wise than as required by cTa'/sheriff1" isnotrespon-sible.
Deputy shcr-jir shall not execute a writ of execution assigned to himself.
*174 The court below gave judgment against the sheriff and sureties, to reverse which they have prosecuted this writ of error.
In rendering judgment against the sheriff, we conceive the court below erred. There can be no doubt that the principal is liable for the acts of his but they must be for failing to perform official acts, or those duties prescribed by law, or for doing such duties wrongfully, whereby injury ensues. But if the plaintiff in an execution directs the management thereof, different from the directions given by the law, or gives the deputy a power over it, which the law does not give him, he may lose his recourse on the principal altogether. In this case the plaintiff made a special agreement with the deputy concerning his execution, and for the non-performance of it the deputy is bound as an individual, and not the principal and sureties.
The execution was assigned to the deputy which rendered it improper that he should execute it, and therefore the principal and sureties cannot be res- *175 poiwible because he did not execute it. To permit the relator to recover would bo allowing him to discharge the deputy from acting, and then making the principal liable because tiie deputy did or did not act. The deputy cannot be permitted to deal in executions arul make special contracts with plaintiffs, and then subject his principal to damages for breach of their contract. In dealing with the deputy the relator, in this, instance, must have trusted him individually, anti being disappointed he cannot, for that cause, go back to the original ground on which the law placed him before tisis contract was made.
Crittenden, for plaintiff; Triplett, for defendant.
The judgment must he reversed with- costs, and. the cause be remanded, with directions to the court below to. give judgment for the defendants with costs.