## KING v. MOORE.

1. A sum of money produced by the sale of the effects of a defendant in execu-
tion, remaining in the hands of a constable, after satisfying executions against
the defendant, is subject to be attached ; and it is no defence to the garnishee
process that the defendant in execution has commenced proceedings against
the constable for the recovery of the surplus so remaining with him.

WRIT of error to the Circuit Court of Russell county.

King, the present plaintiff in error, was summoned as a garni-
shee, at the suit of Moore against Lewis, and answered, that he
had in his hands 113 dollars belonging to the defendant, the re-
mainder of the proceeds of a sale made by him as constable, after
satisfying the *fi. fas.* directed to him.    In a supplemental answer,
he asserts the money had been demanded from him by the de-
fendant in execution, and that he had received notice of a rule
against him to pay over the money.

The court rendered judgment against him for the amount of
the judgment previously rendered  against the defendant in at-
tachment, which was less than the sum in his hands.    He now
assigns the judgment as error.

HEYDENFELDT, for  the plaintiff in error,  relied on the  case of
Zurcher v. Magee, [2 Ala. Rep. N. S. 253.]

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—In Zurcher v. Magee, [2 Ala. Rep.
253,] we held, that money collected by a sheriff was not subject
to an attachment  against the plaintiff  in the execution ; but the
principle of that case is supposed not to govern this.    One rea-
son why money, in  this condition, cannot be reached, is, that it is
in the custody of the law ; and  it would be greatly inconvenient
to allow the final process of courts to be affected by other pro-
ceedings not under control of the parties to  the execution.    This
reason does not apply to  the  excess which oftentimes must, ne-
cessarily, remain with the executive officer, after  satisfying the

plaintiff's demands. The officer is the agent appointed by the law, to sell the property of the defendant ; and if, in the dischage of this duty, a sum of money remains with him, it is the money of the defendant, in no way distinguishable from any other case of agency. Nor does the circumstance, that a statute authorizes the defendant, when his money is improperly detained from him, to proceed summarily against the officer, bring the case within the principle which exempts money, *in custodia legis*, from attachment, because no process is meddled with ; nor can any injurious consequences flow from considering it in the same view as any other money in the hands of an agent. '

Let the judgment be affirmed.