HARVEY LIGHTNER

*v.*

JOHN STEINAGEL, Garnishee of RICHARD A. UNGER and WILLIAM HUNICKE.

1. ATTACHMENT — *garnishee of money in the hands of sheriff.* Money in the hands of a sheriff, collected on execution, or received in redemption of lands sold on execution, cannot be attached as the property of the plaintiff in the execution, though a surplus remaining in the hands of the sheriff, after satisfying the plaintiff's execution, was liable to the garnishee process.

2. SHERIFF — *not chargeable on garnishee process in respect to any funds held by him by virtue of the authority of court.* Public policy requires that a sheriff should not be charged on garnishee process, in respect to any funds or property held by him by virtue of the authority of the court, but if anything arises to change this liability from an official obligation to a personal liability he would be amenable to the process.

3. Money in the hands of the sheriff, collected by him on an execution, is in the custody of the law and subject to the control of the court from which the execution issues.

WRIT OF ERROR to the Circuit Court of Adams county; Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of debt instituted by the plaintiff in error against Richard A. Unger and William Hunicke, in the Adams Circuit Court. The writ of attachment was issued on the 22d day of June, 1863, directed to the coroner, and was on the same day served on John Steinagel, sheriff of Adams county, as garnishee.

The plaintiff in error declared against the defendants, Unger and Hunicke, in debt, and recovered judgment against them for $1,747.95 debt, and $61.16 damages and costs of suit. The plaintiff in error also filed interrogatories to be answered by John Steinagel, as garnishee.

To these interrogatories, Steinagel, in his answer, states that he is not indebted to the said Unger, and has no property belonging to him in his possession, subject to the opinion of the court on the following statement. The answer then states that

Richard A. Unger recovered a judgment in the Adams Circuit Court against Ernst C. Anglerodt and Robert Barth, for $7,493 and costs, in March, 1862; that in June, 1862, Maurice Kelley, then sheriff, by virtue of an execution on said judgment, sold real estate of Barth to Unger for $3,000, and delivered to him the certificate of purchase. The answer further states that Unger sold the certificate of purchase to Charles Lips for a valuable consideration, and that Barth redeemed the land before the expiration of the twelve months by payment to him, Steinagel, then sheriff of Adams county, successor in office of Kelley, of $3,300; and that after he received the redemption money, and after he was summoned as garnishee in this case, Lips demanded the money; and that before the filing this answer, Lips sued him for the money, and that the suit was then pending in the Adams Circuit Court; that the $3,300 so paid to him was received by him, and held by him, in his official capacity as sheriff of Adams county, and not otherwise, and prays to be dismissed.

Lightner files his reply to the answer, alleging that Steinagel, at the time he was summoned as garnishee, had and still has in his possession money and effects, the property of Unger, to the amount of $3,000; also denies that the certificate of purchase was assigned to Lips in good faith, and alleges that the assignment was after the service of the summons on Steinagel as garnishee, and was made by Unger with the intent to defraud creditors; denies that Steinagel received the money in his official capacity in any such sense as to make it free from legal liability to garnishment in his hands; concludes with a tender of issue of facts and prayer for judgment.

Messrs. BROWNING and BUSHNELL, for the plaintiff in error.

By the act in relation to attachments, lands, tenements, goods, chattels, rights, credits, money and effects of the debtor of every kind are liable to attachment in whose hands or custody they may be found. 1 Purp. Stat. 91, § 1, 2, 3.

By the 12th section of the act, when sufficient property cannot be found, the sheriff is required to summon all persons in his

county whom the creditor shall designate as having property, effects or choses in action in their possession or power, belonging to the defendant, or who are in any wise indebted to the defendant. A judgment debtor whose land is sold, may redeem within twelve months from the day of sale, by paying the redemption money to the sheriff or to the purchaser. 1 Purp. Stat. 644, § 13. If paid to the sheriff he receives it under the special provisions of the act. He has neither execution or process in his hands. He acts under no order or decree of court, nor in the presence of, nor as an officer of court, and is neither by the statute, nor the general rules of law, made amenable to the court for what he does outside of its process and his duty as an officer. Like any other person, he is responsible only to the party interested for what he does or omits to do in the premises. It is only when the sheriff collects money on an execution, that is, when he acts under a judicial process, that he is made by statute amenable to the court. Purp. Stat. p. 827, § 44; p. 1124, § 27.

All -the adjudged cases in respect to moneys garnisheed in the hands of the sheriff, relate to money collected by him under execution. Moneys thus collected are held not subject to garnishment. The reasons assigned are that the judgment creditor has no property in the specific money collected, until it is paid to him. The theory is and the fact is, that the writ requires the money to be brought into court, to be disposed of under its directions. 2 Harris Entries, 426. If in practice it is not done, it in no wise affects the commands of the writ. No one of these reasons apply to the facts in this case, the more especially when taken in connection with the requirements of a broad remedial statute like ours, comprehensive beyond the precedent of other states, in the subject matters liable to garnishment. *Turner* v. *Fendall*, 1 U. S. Cond. 261; *Frost* v. *Miller*, 4 Bibb. 311; *Wilden* v. *Bailey*, 3 Mass. 289; *Chearly* v. *Brewer* 8 Mass. 259, 260, 261; *Crane* v. *Freeze*, 1 Harrison (N. J.) 305 , *Reddick* v. *Smith*, 1 Scam. 451; *Pierce* v. *Carlton*, 12 Ill. 358, 364. The following authorities seem to sustain the decision made in *Pierce* v. *Carlton*, and their reasoning is equally appli-

cable to the present case: Drake on Att. 508; *Hurlbut* v. *Hicks*, 17 Ver. 196; *Gailen* v. *Ballew*, 4 Jones N. C. 488; *Woodhouse* v. *Palmer*, 2 Harrington (Del.) 144; *King* v. *Moore*, 6 Ala. 160; *Tucker* v. *Atkinson*, 1 Humph. (Tenn.) 300; *Adams* v. *Barrett*, 2 N. H. 374; *Wheeler* v. *Smith*, 1 Barb. 345; *Dickenson* v. *Palmer*, 2 Richardson Eq. 407.

Messrs. BUCKLEY, WENTWORTH and MARCY, for the defendants in error.

No person deriving his authority from the law, and obliged to execute it according to the law, can be charged as garnishee in respect to any money or property held by him in virtue of that authority. *Brooks* v. *Cook*, 8 Mass. 246. It has often been decided that money made on an execution cannot be attached or garnisheed in the hands of the sheriff, for a debt of the plaintiff in the execution. *Reddick* v. *Smith*, 3 Scam. 451; *Wilder* v. *Bailey*, 3 Mass. 289; *Pollard* v. *Ross*, 5 Mass. 319; *Marvin* v. *Hawley*, 9 Mo. 382; *Clymer* v. *Willis*, 3 Cal. 363; *Jones* v. *Jones*, 1 Bland. 413; *Overton* v. *Hill*, 1 Murph. 47; *Zurcher* v. *Magee*, 2 Ala. (N. C.) 253; *Pawley* v. *Gains*, 1 Tenn. 208; *Dawson* v. *Holcombe*, 1 Ohio, 134; *Alliston* v. *Clay*, 2 Haywood, 171; *Dubois* v. *Dubois*, 6 Cow. 494; Comyn Dig., Attachment D.

The distinction is, that so long as the officer holds the property merely as the agent of the law, he cannot be garnisheed; but if anything occurs to change the official obligation to a personal liability, then he becomes liable.

The rule contended for by the plaintiff in error is liable to serious practical objection. It would expose the sheriff to perilous and expensive litigation. Different courts might be brought into collision.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The question presented by this record is, is a sheriff, under the attachment laws of this State, liable to a garnishee process, for moneys in his hands collected as sheriff?

The merits of the question can be fully ascertained by the

33 — 33D ILL.

instructions asked on both sides, and the disposal of them by the court.

The plaintiff asked the court to give the following instructions:

If the jury believe, from the evidence in this case, that the writ of attachment issued in this case was duly served on John Steinagel, as garnishee herein, before the said Richard A. Unger assigned and delivered to the said Charles S. Lips the certificate of purchase, mentioned in the answer of said Steinagel, filed herein, they will find a verdict for the plaintiff.

If the jury believe, from the evidence in this case, that the said Richard A. Unger assigned and delivered to the said Charles S. Lips the certificate of purchase mentioned in the answer of said Steinagel, garnishee herein, before the writ of attachment issued in this case was served on the said John Steinagel, as such garnishee, yet, if they also believe, from said evidence, that the said Unger so assigned said certificate of purchase to said Lips, without any good or valuable consideration whatever therefor, they will in that case find a verdict for the plaintiff.

That even if the jury believe, from the evidence in this case, that the said Robert Barth paid to the said John Steinagel, then sheriff of Adams county, at the time of said payment, the moneys in question in this case as judgment debtor to redeem from the sale mentioned in the said Steinagel's answer herein, and within twelve months from the time of said sale, under the laws of Illinois, still such payment to said Steinagel, while sheriff, as aforesaid, would not prevent the said moneys or the avails thereof from being legally liable to be garnisheed in the hands of said Steinagel by the plaintiff or any attaching creditor of said Unger, provided the said moneys or the avails thereof in the hands of the said Steinagel belonged to said Unger at the time the said Steinagel was summoned as a garnishee in this case, and if the jury believe, from the evidence in this case, that at the time the said Steinagel was summoned as a garnishee in this case, he had in his hands the said money or the avails thereof for the said Unger, and that the same or the avails thereof belonged to said Unger, they will find a verdict for the plaintiff.

The defendant asked the following:

. At·the instance of the garnishee, John Steinagel, the court instructs the jury that, under the laws of this State, money paid to and received by a sheriff, in his official capacity as such sheriff, for the purpose of redeeming land from sale on execution, is not liable, while in the hands of such sheriff, to any process of garnishment, and if the jury believe, from the evidence in this case, that the money, in respect to which the garnishee, John Steinagel, has been garnisheed in this suit, was paid said Steinagel, as sheriff of Adams county, Illinois, by one Robert Barth, for the purpose of redeeming a tract of land in said county from a sale thereof, as the property of said Barth, made by a former sheriff of said county, on an execution against said Barth and one Anglerodt, and that said Steinagel, at the time of receiving said money, was sheriff of said Adams county, and received said redemption money as redemption money for the redeeming of said tract of land from the said sale on execution, they will find the issue for the garnishee.

The instructions asked by the plaintiff were refused and that asked by the defendant was given, and on this ruling the errors are assigned.

The money in the hands of the sheriff, was money paid him on the redemption of certain lands which he had sold on an execution.

This court has decided, in *Reddick* v. *Smith*, 3 Scam. 451, that money in the hands of a sheriff, collected on execution, cannot be attached as the property of the plaintiff in the execution, because the money is in the custody of the law, and subject to the control of the court from which the execution issues; and because, to allow it to be done, might bring different tribunals into collision and cause much embarrassment to officers concerned in the execution of final process. The same doctrine is held in the case of *Wilder* v. *Bailey*, 3 Mass. 289; in *Dawson* v. *Holcomb*, 1 Ohio, 275; and *Ross* v. *Clark*, 1 Dallas, 354; *Marvin* v. *Hawley*, 9 Mo. 382. The specific money in the hands of the sheriff is held, in these cases, not to be the property of the plaintiff in the execution until paid over to him.

In *Pierce* v. *Carlton*, 12 Ill. 358, this court recognized the doctrine of these cases, but held, that a surplus remaining in the hands of the sheriff, after satisfying the plaintiff's execution, was liable to the garnishee process. And the reason given is, when the amount due on the judgment is returned into court, or paid over to the plaintiff, the execution has accomplished its office, and, if there is a surplus, it is the duty of the officer to pay it over to the defendant. It is not strictly in the custody of the law, but the officers hold it as so much money had and received for the use of the defendant. The same doctrine was held in the case of *Jaquet's Administrators* v. *Palmer*, 2 Harring. (Del.), 144; *King* v. *Moore*, 6 Ala. 160; *Tucker* v. *Atkinson*, 1 Humph. (Tenn.), 300; *Watson* v. *Todd*, 5 Mass. 271; *Crane* v. *Freese*, 1 Harris. (N. J.), 305; *Hulbert* v. *Hicks*, 17 Vt. 193; *Woodbridge* v. *Morse*, 5 N. H. 519; *Fieldhouse* v. *Craft*, 4 East, 510; *Clymer* v. *Willis*, 3 Cal. 363; *Fish* v. *Milln*, 5 Bibb, 311; *Dubois* v. *Dubois*, 6 Cow. 494.

It is contended by the plaintiff in error, that this case of *Pierce* v. *Carlton* is authority for the instructions asked for by him, and supports the views he has addressed to the court, and this, because the sheriff is not required to bring the redemption money into court, and that it is in no sense in the custody of the law, nor has the court any control over it in his hands, nor can different courts be brought into collision in respect to it, nor, if garnisheed, can any delay or inconvenience be thereby created in the settlement by an officer under final process. It is said the sole duty of the officer is to pay the money over to the purchaser.

In this argument the fact seems to be lost sight of that the sheriff receives this money as an officer of the law, and is amenable to the law to account for it. His authority to receive it is derived directly from the statute. He is the mere agent of the law discharging a duty and a trust which arise alone from the statute, and not from any contract with or trust reposed by the judgment debtor or any of the parties to the judgment or sale. As to this money, the sheriff is amenable to the summary jurisdiction of the court, and on a proper case made there, may

be required to produce the money in court. His duty in regard to the receipt of money on the redemption of land sold by him on an execution arises out of the execution, and until he has discharged it in all its parts, and in its whole extent, he must be held to be under the control of the court. It is not like the case where he has collected of a defendant more money than the execution demanded. There, in such case, as was held in *Pierce* v. *Carlton*, the money belonged to the defendant, which the sheriff was bound to pay over to him immediately. Here, the money is subject to the final disposition of the court out of which the execution issued.

We think the true rule in such cases is, that where the sheriff derives his authority from the law, he must exercise it according to the rules of law. So situated, public policy requires he should not be charged on garnishee process in respect of any money or property held by him in virtue of that authority; as such, it is in the custody of the law. Drake on Attach. 506, ch. 21, and cases cited.

From the authorities we deduce the principle, that whenever an official holds money merely as the agent of the law, he cannot be subject to the process; but if anything arises to change this relation from an official obligation to a personal liability, then he would become amenable to this process.

In every view we have been able to take of this case, we can see nothing which should render the sheriff amenable to this process. The money was in the custody of the law, and no demand of it was ever made by the party entitled. The sheriff was but in the discharge of his duty in holding it. The Circuit Court properly instructed the jury on all the points made, and its judgment must be affirmed.

*Judgment affirmed.*