DAVID M. WALSH, FOR THE USE, ETC.

*v.*

HARRISON HORINE.

1. HOMESTEAD ACT — *the one thousand dollars is exempt from execution for one year after it is paid to defendant.* By the homestead act the value of the homestead, estimated at one thousand dollars, and which is paid over to the debtor, is exempt from execution for one year. *Held,* That it is so exempt for one year after it is paid to the defendant; and that the statute does not begin to run until after the money is actually paid to the defendant, the judgment debtor.

2. SAME — *defendant has time, after tender, to test the validity of the sale.* When a tender of the amount is made by the officer making the sale, the debtor has a right to decline receiving it, until he can test the validity of the sale by motion in court, and the time consumed in such litigation, if made in good faith, is not to be computed as part of the year.

ERROR to the Circuit Court of Monroe county; the Hon. S. L. BRYAN, Judge, presiding.

In October, 1860, David O'Kelly recovered a judgment in the Monroe Circuit Court for $429.16, damages and costs; upon which judgment execution was issued, and returned by the sheriff of said county, "No property found." An affidavit was then filed, in due form of law, and garnishee process was issued out of said court, against Harrison Horine on the 20th of November, 1863. On the same day, a bond for costs was filed for plaintiff. Plaintiff filed interrogatories, which were answered by Harrison Horine, that sometime in May, A. D. 1862, Horine, as master in chancery, and in accordance with a decree made by the Circuit Court of said county, sold the homestead of said David M. Walsh, in accordance with the statute in such cases made and provided, and, a short time after the sale, tendered said Walsh the homestead value, $1,000. He refused to take it at the time, but said, "let it be awhile," or something to that purport, and thus the matter rested, up to the time Horine was served with the summons. The $1,000 was still in his, Horine's, hands. Horine owed Walsh nothing except this $1,000 in his official capacity. David M. Walsh filed also an affidavit and motion to dismiss the garnishee suit. He swears that the $1,000 accrued of right to him under the homestead law — that said homestead was sold by Horine as master in chancery, without first tendering to him, Walsh, the $1,000 — that Walsh declined to accept it, on the ground that he intended and expected that he would be able to redeem from the sale — that the $1,000 has never been paid him — that he filed his motion to set aside the sale of the lot for irregularity, and that said motion was not disposed of until September, 1863 — that the sale was made September 10, 1862, and that after the overruling said motion, he believes in September last, he demanded said $1,000 of Horine, and that he never abandoned his right to said money. Walsh thereupon moved the court to dismiss the garnishee suit, because the money came to the hands of Horine as an officer of said court, and because he denied the right of O'Kelly to use the name of said Walsh as plaintiff without his consent. On the 10th of May, 1864, the motion to dismiss the garnishee proceeding was sustained by the court,

and suit dimissed at plaintiff's cost; to which decision of the court O'Kelly at the time excepted. No evidence was heard except said affidavit, and the answer of garnishee, which are recited in the bill of exceptions. Plaintiff assigns for error that the court below erred in dismissing said suit, and also in failing to enter judgment against the garnishee.

Mr. WILLIAM H. UNDERWOOD, and Mr. H. C. TALBOT, submitted for the Plaintiff in Error the following brief:

1. The $1,000 is exempt from execution only for one year after the sale. 1 Purp. Stat. 651, Sec. 48.

2. The year having expired, it was money had and received by the master for the use of Walsh, and subject to garnishment of his creditors. *Pierce* v. *Carleton*, 12 Ill. 364; *Langdon* v. *Lockett*, 6 Alabama R. 727, 160; Drake on Attachments, Sec. 488 and note 1; 2 Har. (Del.) 144; 1 Humph. 300; 5 Mass. 271; 1 Harrison, 305; 17 Verm. 193; 5 New Hamp. 519.

3. The proceedings and judgment should have been, and were properly conducted in the name of Walsh, the judgment debtor, for the use of O'Kelly, the judgment creditor, against the garnishee. 3 Gilm. 97; *Stahl* v. *Webster*, 11 Ill. 518; 18 Ill. 289; 26 Ill. 52, 463; 27 Ill. 352.

4. Even if the cause was improperly docketed, the court should have rendered judgment in the proper names. Above authorities, and 2 Scam. 8, 9.

Mr. H. K. S. O'MELVENY, for the Defendant in Error, submitted the following in reply:

M. T. Horine forclosed a mortgage on a house and lot, it being the homestead of Walsh.

Harrison Horine, the garnishee, was the master in chancery, and sold the property, May 10th, 1862, and tendered $1,000 to Walsh, who did not take it at the time, saying "let it be awhile." The sale was reported at the October term, 1862. At the spring term, 1863, Walsh filed his motion to set aside the sale for irregularity, but which motion was continued to the October term, 1863, when it was disposed of by overruling the

same. Before Walsh demanded the $1,000 of the master in chancery, Horine was garnisheed, and the plaintiff, for whose use this suit is brought, claims so much of the money as shall satisfy his said judgment, under section five of the act to exempt homesteads from sale on execution, (1 Purple's Statutes, 651,) which declares that the officer selling "shall, out of the proceeds of such sale, pay to the execution debtor $1,000, which shall be exempt from execution for one year thereafter." Laws 1851.

1. This money is in the hands of an officer, and not liable to garnishment. Drake on Attachments, sections 409, 505; 3 Scam. 452.

2. The money was neither actually paid over, nor absolutely refused, defendant saying, "let it remain a little while." And clearly, it never was abandoned, as is shown by the affidavit of Walsh, and the answer of the garnishee. *Green* v. *Marks et al.*, 25 Ill. 224.

3. Since the passage of the act of 1851, before the homestead can be sold or waived, the wife must join in the writing to its release; so too, even if the husband abandoned the money, the wife and family still have an interest in the fund, which may arise from its sale.

4. The time embraced in litigation on the motion ought to be deducted. Sec. 12, Purple's Statutes, 730.

5. The statute exempts the money, and authorized its seizure by "execution" only, not by garnishment, which presumes its delivery by the officer to the party.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The record in this case shows a proceeding against Horine, the master in chancery of Monroe county, as a garnishee, under the following state of facts: One O'Kelly had obtained a judgment in the Monroe Circuit Court for damages and costs against Walsh, on which an execution was issued and returned by the sheriff "no property found." The judgment creditor then made an affidavit in due form, that Horine had money in

his hands belonging to Walsh, and on interrogatories filed, Horine answered, that as master in chancery, and in accordance with a decree made by the Monroe Circuit Court, he sold, in May, 1862, the homestead of Walsh, and a short time after the sale tendered the statutory amount, one thousand dollars, which Walsh declined then to receive. This money remained in the hands of the master in chancery up to the time he was served with the garnishee process, and is still in his hands, and this constituted all the indebtedness as against him in favor of Walsh.

Walsh, in his affidavit, states, as a reason why he did not accept the tender, that he expected to be able to redeem the premises from the sale. He further states, that he entered his motion at the spring term, 1863, to set aside the sale for irregularity, which motion was continued to the October term of that year, when it was overruled. The garnishee process was served on the master in chancery the twentieth of November, 1863.

The homestead act provides, that the officer selling the homestead, shall, out of the proceeds of the sale, pay to the execution debtor, the sum of one thousand dollars, which shall be exempt from execution for one year. Scates' Comp. 576, sec. 5.

The question is, had the year expired when the garnishee process was served?

This question, we think, must be answered in the negative.

A reasonable time, within the period of redemption, must be allowed a judgment debtor, whose homestead has been sold, to test the validity of the sale by motion or other proceeding, before the court out of which the process issued, or to take the money. He may be advised by his counsel that the sale is irregular and invalid, and he ought to be allowed time to test the question. The statute does not say that the money paid to the debtor shall be exempt from execution for one year from the day of sale, for which the plaintiff contends, but that when paid to the debtor it shall be exempt for one year. It seems, therefore, that the statute does not begin to run until the money is actually paid over to the judgment debtor.

In this case the garnishee process was served immediately

after the decision of the court overruling the motion to set aside the sale, at which time the year had not expired. It would be unjust, and contrary to the analogies of the law in such cases, while a motion or other proceeding, instituted in good faith, to test the validity of a sale, is pending in court, to count the time thus consumed as part of the year. A decision on the motion may be delayed by the court, by which the debtor should not suffer a loss and injury.

The year not having expired, it is unnecessary to decide the other point raised, whether the money, while in the hands of the master, was so in the custody of the law as to protect it from this process. Our views, on a kindred question, may be found in the case of *Lightner* v. *Steinegal*, 33 Ill. 510.

We see no objection to the form in which the proceeding was instituted against the garnishee. It pursues the mode prescribed in *Stahl* v. *Webster*, 11 Ill. 518; *Gillilan* v. *Nixon*, 26 Ill. 52; *Farrell* v. *Pearson*, 26 Ill. 463; *Rankin* v. *Simonds*, 27 Ill. 352, and *Cariker* v. *Anderson*, 27 Ill. 358.

There being no error in the judgment of the Circuit Court dismissing the proceedings against the garnishee, the same is affirmed.

*Judgment affirmed*