WILLIAM ZSCHOCKE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

LARCENY—*constable converting proceeds of sale.* A constable, having an execution placed in his hands, levied upon and took possession of certain goods belonging to the judgment debtor and put them in possession of the judgment creditor. A short time afterward the constable took the goods away, with the consent of the judgment creditor, and sold them at private sale, receiving therefor the sum of $55, which he converted to his own use. In a prosecution against the constable, under an indictment charging him with having stolen divers United States notes and current bank bills for the payment of $55, and of that value, of divers issues and denominations, to the grand jury unknown, the personal goods and property of Matthias Eck, who was the judgment creditor, it was *held* the prosecution could not be maintained—not under Section 71 of the Criminal Code, declaring the felonious conversion of money, goods, etc., by a bailee to be larceny, because in no sense could the constable be regarded as the bailee of the judgment creditor; the general property in the goods after the levy, until a sale according to law, being in the judgment debtor, and the money derived from a sale is not the property of the plaintiff in the execution until paid over to him, but until that time is in the custody of the law. Besides, the goods were not sold according to law, but at private sale—the officer, by such abuse of his authority, becoming a trespasser *ab initio*, and the judgment creditor could not, by ratifying such trespass, obtain a legal right to the fruits of the wrongful act of the officer.

WRIT OF ERROR to the Criminal Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. OMAR BUSHNELL, for the plaintiff in error.

Mr. CHARLES H. REED, State's attorney, for the people.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The plaintiff in error was convicted in the criminal court of Cook County, and sentenced to two years' imprisonment in the penitentiary, upon an indictment charging him with having stolen divers United States notes and current bank bills for the payment of $55, and of that value, of divers issues and denominations, to the grand jury unknown, the personal goods and property of Matthias Eck.

There is no evidence in the record tending to show that any money was ever taken from the possession of Eck, and the only question is, whether there is evidence sufficient to support a conviction under Section 71 of the Criminal Code (R. S. 162), declaring the felonious conversion of money, goods, etc., by a bailee to be larceny.

It appears that the accused holding himself out to be a constable, and Eck having an execution in his favor, issued upon a justice's judgment, against one Jacob Forsythe, delivered the writ to the prisoner, to be executed ; that under the execution the prisoner levied upon certain goods of the judgment debtor and took them to Eck's house, and put them into his possession ; that afterward the prisoner came and took the goods away, with Eck's consent, and sold them at private sale, receiving therefor the $55 alleged to have been stolen, which the prisoner converted to his own use.

If the prisoner was a constable, as was assumed on the trial, the levy and seizure of the goods under the execution would vest in him a special property in them ; the general property would remain in the judgment debtor until a sale according to law. The plaintiff in the execution acquires no property in the goods by the seizure. He could not maintain an action of trespass or trover against a wrong-doer ; such action could be brought only by the officer.

When a sale is made, under the writ, pursuant to law, then the general property of the judgment debtor becomes divested, and the proceeds of the sale remain in the custody of the law until actually paid over to the plaintiff. The specific money in the hands of the sheriff is not the property of the plaintiff in the execution until paid over to him. *Lightner* v. *Steinagel,* 33 Ill. 510.

But in this case the goods were sold, not by authority of law, but at private sale. By such abuse of an authority given by law the officer became a trespasser *ab initio.* We are at a loss to know how one man can, by ratifying a trespass committed by another, obtain a legal right to the fruits of such wrongful act. If Eck, knowing of the wrongful act of the prisoner, had received the money obtained, he would have become a joint trespasser with the prisoner. It can not be the law that a constable or sheriff who becomes a tort-feasor, in the manner disclosed here, holds the fruits of the tort as bailee for the plaintiff in the writ, because the plaintiff, by ratifying the act, becomes himself a party to it; and then the result would always follow that one of two joint tort-feasors would become the bailee of the other as to the proceeds of the tort, by virtue of the wrongful act itself, simply because he happened to be the first possessor. The law does not recognize even the right to contribution between wrong-doers, and much less will it the relation of bailor and bailee, from the mere fact that one is in possession of the fruits of the wrong.

There is no view of the evidence which will support the position that the prisoner was the bailee of Eck, as to the money received upon the private sale of the goods.

The conduct of the prisoner merits severe punishment, but we can not sustain this conviction without disregarding all distinctions between crimes.

The court below should have granted the motion for a new trial, and it was error to refuse it; for this reason the judgment of the court is reversed and the cause remanded.

*Judgment reversed.*