## PALMER, RESPONDENT, *v.* McMASTER, APPELLANT.

SHERIFFS — *Justification of levy* — *Defense.* — In an action against a sheriff for the value of personal property sold under execution issued against the property of a third person, the officer cannot justify under the execution without proving the existence of a valid judgment. (*Ford* v. *McMaster*, 6 Mont. 240; *Marcum* v. *Coleman*, 8 Mont. 196, cited.)

SAME — *Pleading* — *Amendments.* — A sheriff who has sold attached property under an execution based upon a void judgment is a trespasser *ab initio*, and in an action against him to recover the value of the property, it is not error for the trial court to refuse to allow an amendment to his answer setting forth more fully the facts of the original indebtedness and the attachment papers issued thereon.

LIEN — *Attachment.* — The lien of an attachment is lost by the sale of the attached property under an execution based upon a judgment which is void.

TRIAL PRACTICE — *Offer of evidence.* — Where an offer of evidence is made upon the trial of a cause the offer must be complete as to the facts offered, and such facts must be relevant to matters in issue; and an offer of evidence for the purpose of proving that certain property in controversy " was not the property of the plaintiff, and that she did not own and was not in possession of the same," is defective in embracing no specific fact, and its exclusion is not error.

CONVERSION — *Instructions.* — In an action for the value of converted property, instructions that such value was the sole question, and plaintiff was entitled to recover a sum ranging between two specified amounts, and also, that plaintiff must prove possession of the property at a certain time before recovering, being upon material points, are conflicting, and the giving of the former without qualifying it as to the latter was error.

*Appeal from Third Judicial District, Deer Lodge County.*

The cause was tried before DURFEE, J. Plaintiff had judgment below.

*Robinson & Stapleton,* for Appellant.

If defendant could not prove a justification under the executions, on account of a want of judgments on which they were issued, he should have been permitted to amend his answer in

order to justify under the writs of attachment. This court in this case (8 Mont. 186), has decided that the said judgments were invalid. Such being the case, and without the production of the judgments, the court refused to admit in evidence the executions, so that the defense failed as to that, and the court should have permitted the defendant to justify under the writs of attachment, especially so, when the taking complained of was for taking the property when levied on under said writs of attachment, and if such justification was not properly pleaded the amendment should have been allowed. Courts are always liberal in allowing amendments in furtherance of justice, and while, as a rule, it is discretionary in the court to permit amendments, the refusal is frequently an abuse of that discretion. (*Hartley* v. *Preston*, 2 Mont. 415.) The court erred in not permitting the defendant to justify under the execution. Where a suit is against an officer for trespass, and the process under which he acts is fair on its face, he may justify by producing the writ, and he is not bound to make inquiry as to the judgment. (See Cooley on Torts, 459, and cases cited; Freeman on Executions, §§ 101, 102; *Norcross* v. *Nunan*, 61 Cal. 642; *Brichman* v. *Ross*, 67 Cal. 601; *Parker* v. *Walrod*, 16 Wend. 514; *Rice* v. *Miller*, 70 Tex. 613; 8 Am. St. Rep. 630; *Clarke* v. *May*, 2 Gray, 410; 61 Am. Dec. 472; *Erskine* v. *Hohnbach*, 14 Wall. 616; *Haffin* v. *Mason*, 15 Wall. 671.)

While the plaintiff might recover under proof of possession by an averment of title, it was certainly incumbent on her to prove either title or possession, as the answer raised an issue as to this, and if it was so necessary, the defendant had a right to show that she had neither, and the court erred in refusing to permit defendant to prove such fact. (See 6 Wait's Actions and Defenses, 151, 219, 221; Abbott's Trial Evidence, 623, 629; 2 Greenleaf on Evidence, §§ 636, 637, 648, and cases cited in note 5; *Schermerhorn* v. *Von Volkenbergh*, 11 Johns. 529; *Kennedy* v. *Strong*, 14 Johns. 128; *Rotan* v. *Fletcher*, 15 Johns. 207; *Stearns* v. *Vincent*, 50 Mich. 209; 45 Am. Rep. 37; *Goodwin* v. *Garr*, 8 Cal. 616; Cooley on Torts, p. 448; *Ware* v. *Collins*, 35 Miss. 223; 72 Am. Dec. 122; Hilliard on Remedies for Torts, p. 30.) The jury were instructed that the only

thing for them to consider was the value of the property, and further instructions submit to the jury the question of plaintiff's possession, "that if they find from the evidence she was in possession of the property," etc. These instructions are conflicting, and the rule is too well established to require a citation of authorities to show error.

*F. W. Cole,* and *H. R. Whitehill,* for Respondent.

This court having decided in 8 Mont. 186, that the judgments in the actions on which the appellant relied for his justification were invalid, the court below on the second trial, on the offer of the appellant to introduce the executions based on such judgments, refused to admit them as evidence. This was a correct ruling. An officer is not permitted to take property from the possession of a third party on an execution, unless he can show a valid judgment. (*Ford* v. *McMaster,* 6 Mont. 240; *Sexey* v. *Adkinson,* 34 Cal. 346; 91 Am. Dec. 698; 1 Freeman on Executions, p. 221, § 101.) The District Court refused to permit the appellant to introduce in evidence the writs of attachment and affidavits for attachment in the actions in which the appellant had already offered the executions. There was no error in this, the attachments were merged in the judgments and executions, and if there were no valid judgments to sustain the executions the lien of the attachment was gone. The only purpose of an attachment is to hold the property as security for a judgment, and to preserve the priority of the attachment lien. (*Bagley* v. *Ward,* 37 Cal. 131; 99 Am. Dec. 256; *Myers* v. *Mott,* 29 Cal. 360; 89 Am. Dec. 49; 2 Freeman on Executions, p. 877, § 2716; *Spellman* v. *Chaffee,* 5 Colo. 247.) The executions offered in evidence by the appellant showed that the property, the value of which has been sued for in this action, was sold by the sheriff under and by virtue of such executions. Whatever lien the sheriff had by virtue of the writs of attachment was gone as soon as the sheriff parted with the possession of the property attached, and converted the same by a sale thereof under the executions. A writ whose functions have ceased in the hands of an officer is dead, and cannot be restored to life. (*Franklin Bank* v. *Bachelder,* 39 Am. Dec.

note, p. 609; *Sanford* v. *Boring,* 12 Cal. 539; *Pomroy* v. *Kingsley,* 1 Tyler, 294; *Taintor* v. *Williams,* 7 Conn. 271.)

A defendant in an action of trover cannot defeat recovery by the party from whose possession the property was taken by showing title in a third person without connecting himself with that title. (*Weymouth* v. *Chicago etc. Ry. Co.* 17 Wis. 550; 84 Am. Dec. 763; *Jeffries* v. *Great Western R. R. Co.* 34 Eng. L. & Eq. 122; *Harker* v. *Dement,* 9 Gill, 7; 52 Am. Dec. 670.) The offer to amend the answer was properly refused by the court, as the proof offered, if allowed, would not have placed the appellant in any better position than he was before. The offer of the appellant to put in evidence the affidavits and undertakings on attachment, as well as the complaints, would not have benefited the appellant if allowed. The taking to pieces of the judgment roll, based upon an invalid judgment, and offering in evidence a portion of it at a time, cannot be of much advantage to a person making such an offer. The respondent proved that at the time of the conversion of the property by the appellant she was the owner and in the possession of such property; that W. J. Palmer was her husband, and that he had not been on the ranch since May, 1884. This was sufficient possession and ownership to enable her to sue and recover the value of the property from a wrong-doer. In *Palmer* v. *Murray,* 6 Mont. 125, this court decided that a married woman may protect her property from a mere wrong-doer even if she had not filed her separate list, and in this case, when before this court the last time, it was decided: "It is no concern of theirs who owns the property, for, unless they have valid judgments to support their executions, they cannot deprive the plaintiff of her possession." (8 Mont. 195.) And in the case of *Palmer* y. *McMaster,* 6 Mont. 169, speaking of this same respondent, the court held that "a married woman who has been deserted and abandoned by her husband should be treated as a *femme sole,* and may sue and be sued alone."

BLAKE, C. J.—This is the second appeal which has been before the court. The facts which are recited in the reports (8 Mont. 186) will not be repeated in this opinion. At the

trial the jury returned a verdict for the sum of $2,068, and judgment was entered for the respondent for this amount. The motion of the appellant for a new trial was overruled.

We have deliberated upon all the questions which have been presented for adjustment, and arrived at the conclusion that the instructions were conflicting and misleading. As there must be a new trial of the case, we will review all the questions which must be determined at that time in the court below. The executions which are mentioned in the report of the case, *supra*, were offered in evidence by the appellant. They were regular upon their face, and one of them stated that James M. Bailey recovered, April 22, 1884, in the District Court, a judgment against William J. Palmer, for the sum of $645 damages, and $277.30 costs. The sheriff made this return thereon:—

"I do hereby certify that I received the annexed execution on the twenty-third day of April, A. D. 1884, and executed same by levying upon and selling on the third day of May, A. D. 1884, the following described property, to wit (description of property in controversy), exhibit:—

Amount of judgment.......................................$922 30
Accruing costs................................................ 33 14

.................................................................$955 44
Amount received from sale................................ 907 00

    To deficiency.........................................$ 48 44"

The bill of exceptions states that this evidence was excluded by the court, "for the reason that defendant did not offer to prove any valid judgment upon which said execution was issued, and without such judgment defendant could not justify." Upon the first appeal, it was held that the judgments, which were entered in favor of said Bailey and Albert Kleinschmidt, and against the said W. J. Palmer, and for the enforcement of which said executions were issued, "were void and of no effect." (8 Mont. 194.) Under the decisions of this court, the ruling complained of was correct. (*Ford* v. *McMaster*, 6 Mont. 240; *Marcum* v. *Coleman*, 8 Mont. 196.)

It also appears in the transcript that "the defendant asked leave to amend his answer, setting up more fully the indebted-

ness on which James M. Bailey and Kleinschmidt & Co. instituted the suits in which the attachments were issued against said W. J. Palmer, in which said property was taken by defendant, and the complaint, affidavit, and undertaking for attachment therein, and the attachment issued in said actions as a justification to him for taking said property." The court refused to allow this amendment to be made, and would not permit the testimony tending to prove the averments thereof to be introduced.

The writs of attachment in the actions referred to were issued to authorize the officer to levy upon and hold said property as a security for the satisfaction of any judgment which might be recovered by the plaintiffs. When the sheriff sold and delivered the same under the foregoing execution, and accounted for the proceeds thereof, the possession and lien which were acquired by virtue of the proceedings in attachment were lost. This property was disposed of without any valid process, and under those conditions the officer is deemed a trespasser *ab initio.* The writs of attachment in the actions pending against W. J. Palmer possess no vitality. In *Ross* v. *Philbrick,* 39 Me. 29, this statement appears in the facts: "The counsel for defendant requested the court to instruct the jury that, as the property sued for was lawfully attached by Burnham, and that suit still pending in court, the plaintiff can maintain no action to recover the value of that property while so pending, on account of defendant's having sold the same, although the sale was not conformable to the statute." The court by Mr. Justice Cutting said: "Here, then, was an abuse of authority, and the defendant, according to the rule, was a trespasser *ab initio.* . . . . But it is contended that so long as the process, upon which the property in controversy was attached, is pending in court, the plaintiff cannot sustain this action. . . . . An officer who has been guilty of a trespass from the beginning cannot invoke to his aid the process which he has abused; he places himself in the same situation he would have occupied had he seized the property without any process, and taken it from the owner's possession; and what consequence is it to the officer or the attaching creditor that the suit is pending, when the attachment is dissolved, and can no longer be made available to satisfy a subsequent execution?"

(Drake on Attachment [6th ed.], § 291; *Zschocke* v. *People,* 62 Ill. 127.) There was no error in the action of the court upon the amendment, which was proposed to the answer, or the evidence thereunder.

The testimony of the respondent was direct and positive that she owned the property in controversy, and that the horses were at her place on Warm Springs Creek when the sheriff sold them. She was not cross-examined. Two witnesses testified in effect that the horses were " with Mrs. Palmer on her ranch " and in her custody. This evidence was uncontradicted, and admitted without any objection or exception upon the part of the appellant. The issue of ownership could not arise upon this trial because this court laid down the law of the case and said : " It is no concern of theirs (the creditors) who owns the property ; for, unless they have valid judgments to support their executions, they cannot deprive the plaintiff of her possession." (8 Mont. 195.) The appellant made several offers to prove matters relating to the question of actual possession at the time of the alleged conversion. When they are examined, it is evident that the rules which govern this practice have not been followed. In *Chamberlin* v. *Vance,* 51 Cal. 75, the court said : " But when counsel make an ' offer ' of evidence it must appear that the facts offered to be proven, in connection with facts as to which evidence has already been taken, are relevant ; otherwise the court is justified in sustaining an objection to the offer. The offer must be complete in itself, and must not omit facts, without which the facts offered are not relevant." (*Smith* v. *East Branch M. Co.* 54 Cal. 164 ; *Schroeder* v. *Schmidt,* 74 Cal. 459.) For an illustration of these views, we will refer to the transcript which says: "The defendant offered in evidence the depositions of John Cartin and Albert Mead . . . . for the purpose of proving, and by which testimony he would be able to prove, that the property set out in plaintiff's complaint was not the property of plaintiff, and that she did not own the same, and was not in the possession thereof." This offer does not embrace one specific fact, and the court was required to ignore it upon the ground of vagueness. The depositions are not in the record, but the appellant did not designate the portions of the testimony which he wished to introduce. This right to show that the respondent

did not enjoy the possession of the property at the time complained of was not denied by the court, but his offers of proof thereon were ambiguous and fatally defective.

The first instruction covered the issue concerning the value of the property, and the following is a part thereof: "You are instructed that the only question for you to consider in this case is the value of the animals mentioned in the complaint. You are the sole judges of such value, which must be arrived at by you from the evidence given by the witnesses. It is admitted by the defendant in his answer that the value of such animals was at the time of their conversion $907, and the plaintiff is entitled to recover such sum, not less than $907, and not more than $2,100, as you may think her entitled to under the evidence."

The fifth instruction is as follows: "The jury are instructed that before the plaintiff in this case can recover, she must prove that at the time said property described in the complaint herein was taken and levied upon by the defendant, James B. McMaster, she was in possession thereof, and that said property was taken from her; but if the plaintiff has failed to prove that at the time defendant took said property she was not the owner of it, or in the possession thereof, then the jury should find for the defendant."

The jury were instructed that the sole question for their consideration related to the value of the property, and that the plaintiff was entitled to recover a sum, which could not be less than $907 nor more than $2,100. The jury were also told that there were other issues to be determined, and that the plaintiff must prove that, at a certain time, she was in the possession of the property, and that the same was taken from her. The instructions were given upon material points and were conflicting.

It has been observed that the testimony of the respondent upon the issue of possession was not rebutted by the appellant; but the court should not have assumed in its charge that the facts were proven, which the evidence tended to establish. This proposition was controverted by the appellant and never conceded. The fifth instruction was correct and applicable to the evidence, and the jury could not find a verdict for the plaintiff

in any amount unless they were satisfied that she was in the possession of said property when it was converted by the defendant. When this conclusion was reached, it was proper to inquire into and fix the value of the horses, and the court erred in instructing the jury without any qualification that the plaintiff was rightfully entitled to recover a sum ranging between two amounts, which were specified.

It is therefore ordered and adjudged that the judgment be reversed with costs, that the order overruling the motion for a new trial be set aside, and that the cause be remanded for a new trial.

HARWOOD, J., concurs.