## James F. Self, Sheriff, v. Bessie Schoenfield and Henry Schoenfield.

1. HOMESTEADS—*Exemption—$1,000 in the Hands of the Sheriff—Garnishment.*—Where the plaintiff in execution paid to the sheriff $1,000 and caused the homestead of the defendants to be sold to satisfy his debt *it was held* that the amount was held by the sheriff as so much money had and received for the use of such defendants. It was not in the custody of the law, and was amenable to garnishee process.

Summary Proceedings.—Motion for a rule on the sheriff to pay over to Bessie Schoenfield the sum of $1,000, alleged homestead money. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER,

Judge, presiding.    Heard in this court at the November term, 1894.
Reversed.    Opinion filed June 3, 1895.

## STATEMENT OF THE CASE.

Appellant, as sheriff, levied an execution against the appellees upon premises in which they claimed an estate of homestead.

Such proceedings were had under the statute as that the plaintiff in the execution, on May 5, 1894, paid to the sheriff $1,000, as the value of the appellee's homestead interest, and the premises were sold under the execution.

On the same 5th day of May three writs of garnishment issued out of the Circuit Court of Morgan County at the suit of alleged judgment creditors of the appellees, and were served by the coroner upon the appellant, by which writs the appellant was commanded to appear at the next November term of said court and answer as garnishee whether he had in his possession or control any moneys, choses in action, etc., belonging to the appellees. The total amount claimed to be due to the plaintiffs in said garnishment proceeding was between $800 and $900, besides costs.

On the first day of June, 1894, the appellees applied to the Circuit Court, at its then pending May term, for and obtained a rule against the sheriff (appellant), to show cause why he should not pay said $1,000 to them.

The appellant, in an answer under oath, advised the court of the existence and pendency of said garnishment proceedings, and that he had been summoned to answer as garnishee as to the said sum of $1,000 in each of said cases before appellees demanded that he should pay it to them, and submitted that he ought not be required to pay the money to the appellees, but should respond as garnishee and abide such order and judgment as the court should make and enter upon the hearing of those cases.

Upon the hearing of the motion for a rule against the appellant the allegations of his answer were supported by competent and undisputable proofs. The court granted a rule absolute against the appellant, requiring him to pay

the money to the appellees, and he brings the record here by appeal.

OSCAR A. DeLEUW and O. P. THOMPSON, attorneys for appellant.

EDWARD P. KIRBY, attorney for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The office of the execution which the sheriff held against the appellees was to collect the amount due the plaintiffs in the judgment upon which it issued.  The command of the process did not extend to the money paid to extinguish the homestead estate of the appellees.  That sum it was the duty of the sheriff to pay to the appellees.  He held it as so much money had and received to their use.  It was not in the custody of law and he was amenable to the process of garnishment.  Pierce v. Carlton, 12 Ill. 358; Lightner v. Steingel, 33 Ill. 510; Weaver v. Davis, 47 Ill. 235.  It was clearly the duty of the appellant to respond to the command of said writs of garnishment and to abide the judgment and orders of the court made therein.

Whether the funds he held should be regarded as representing the homestead estate of the appellees, and whether, if so regarded, the exemption did not hold good as against the garnishing creditors, because the indebtedness due to them was for the purchase or improvement of the homestead property, or perhaps for other reasons, were questions that could not be settled in the proceeding by way of a motion against the appellant, for the reason that such creditors were not parties.

It was manifestly unjust to the sheriff to rule him to pay the money to the appellees and assume the burden of defending against the garnishing creditors and of upholding the claim of the appellees to the fund at his peril.  The appellees should have been required to defend their right to the fund in the garnishment cases and the motion for a rule absolute against the sheriff should have been denied.  The judgment must be and is reversed.