The People for the use of National Plating Company, Defendant in Error, v. Bernhard Loeff et al., Plaintiffs in Error.

Gen. No. 13,930.

1. EXECUTIONS—*who disqualified from executing.* An officer having a vested interest in an execution is thereby disqualified from executing it.

2. OFFICIAL BONDS—*what no defense to action upon constable's bond.* An agreement by which a constable is to receive a commission in excess of the amount allowed by statute does not constitute a defense which may be urged by his sureties to an action upon the bond of such constable for failure to turn over the proceeds of the amount collected under such execution.

Action of debt. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed July 6, 1908. Rehearing denied July 16, 1908.

LOUIS GREENBERG, for plaintiff in error.

No appearance by defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action against the plaintiffs in error as sureties on the bond of Frank Whalen, a Cook county constable. The evidence discloses that one John W. Mills delivered to Frank Whalen an execution from the office of J. K. Prindiville, a justice of the peace in Cook county, which, including costs, was for $87.70; that Mills agreed with Whalen, the constable, that he would pay him as fees for his services in making such

collection twenty per cent. of the amount he should collect; that the execution was returned satisfied in full of the whole amount; that Whalen paid $49.44 to Mills, which, after crediting twenty per cent. of the amount of the judgment for collection fee, as agreed, plus $2 costs, left a balance of $18.16 due from Whalen, the constable, to the plaintiff in the execution, for which amount judgment was entered.

The sole contention of plaintiff in error is that the agreement to pay Constable Whalen a commission upon the amount collected by him, being variant from and in excess of the fees allowed by statute, is forbidden by law as being against public policy, and that the effect of such an agreement is to release the sureties upon the constable's bond.

The trend of the authorities is unquestionably to the effect that an officer interested in the subject-matter of process is thereby disqualified from executing it. The law will not permit a party to be his own executioner. He cannot, being a party, execute legal process in his own favor. In O'Conner v. Wilson, 57 Ill. 226, the wife of the officer making the sale was the purchaser who had joined in a conveyance and was liable on his covenants. In this condition it was held that he could not, because of his interest and assumed lack of impartiality, amend the return upon the process under which the property bought by his wife was sold. In Zschocke v. The People, 62 Ill. 127, the defendant was indicted, charged with having stolen certain bank notes, the proceeds of the sale of property taken under an execution. The goods were sold at private sale and not in virtue of the execution. A conviction was reversed because the court held that a levy vested in the officer making it a special property in the goods levied upon until a sale was made according to law; that a plaintiff in an execution acquires no property in the goods by the seizure; that when a sale is made pursuant to law, the title of the judgment debtor becomes divested and the proceeds

are in the custody of the law until paid over to the plaintiff; that the specific money realized from the sale while in the hands of the officer is not the property of the plaintiff and does not so become until paid over to him; that while Zschocke was not the bailee of the plaintiff, yet his conduct merited severe punishment, but he could not be adjudged guilty of stealing the bank bills received for the property taken on the execution and sold in violation of law at private sale.

In Snydacker v. Brosse, 51 Ill. 357, the constable attempted to justify a trespass in making a levy under a writ of *retorno habendo* which ran to himself, and the court say:

"In this case, however, there is a fatal objection to the justification, by Comfort, under the writ of *retorno habendo,* as it was in favor of himself and Snydacker. We are aware of no case in which the law authorizes a person to execute process in his own favor. To permit such a course of practice would lead to great oppression, wrong and irregularity. The law has wisely entrusted the decision of disputes between citizens to persons wholly disinterested, and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes. The law will not entrust the power to a person to render or execute a judgment in his own favor. The writ of *retorno habendo,* therefore, could form no justification for any act done under it by Comfort, whatever it might have been to any other constable having no interest in the litigation."

While unconditionally yielding our assent to the doctrine so forcefully stated in case, *supra,* and our approval of all the arguments advanced in illustration of such doctrine, a majority of the court are unable to see that it is applicable to the facts found in this record.

Whalen, the constable, was not a party to the proc-

ess; he was simply the officer under the statute to execute it. He had no vested interest in the judgment or title to any part of it. No one is claiming to have been injured by any act of Whalen in collecting the amount of the execution, or to have suffered any hardship or extortion at his hands. Neither does it appear he collected or attempted to collect any more than the lawful amount due under the execution. No irregularity in the conduct of Whalen in making the collection appears, and none is claimed. No one has been injured as the result of any act or conduct on the part of Whalen in the collection of the amount due. A breach of his official bond occurred, however, when he failed to pay over the amount due less the charge agreed upon for his service. That such compensation was in excess of the fee allowed by statute, in place of working any loss to the sureties on the bond, was to their distinct financial advantage.

None of the cases cited by counsel for plaintiff in error as upholding his contention are similar to the case at bar, but are clearly distinguishable from it upon the facts. In every case the officer appears to have had a distinct vested interest in the cause or the process. Here there is no such interest.

In Erwin v. Bowman, 51 Texas, 513, the action was by the execution debtor against the officer for making an excessive levy.

In Samuels etc. v. Commonwealth, 22 Ky. 173, the execution was assigned to the deputy sheriff, and it was sought to make the sheriff responsible for a failure of the deputy to make collection under the writ.

In Riner v. Stacy, 8 Humphrey, 288, the officer was the owner of the judgment in the execution by assignment.

The execution in question at no time was process in favor of Whalen, nor was he in any manner interested in the cause of action in which the execution was issued prior to its collection. Whalen was free to act without bias, and there is nothing in this record to the

34 APPELLATE COURTS OF ILLINOIS.

Petersen v. Elgin, Aurora & Southern Trac. Co., 142 App. 34.

contrary or challenging his conduct in any action taken by him resulting in the payment to him of the amount due upon the execution in his hands for collection.

The judgment of the Municipal Court is affirmed.

*Affirmed.*