## SUPREME COURT.

### EVERTSON agt. THOMAS.

The facts require to be shown to entitle a creditor to an order for publication, in place of personal service, against a non resident defendant, should be stated positively and not on information and belief.

An order resting on such insufficient proof will be set aside on motion.

*Albany Special Term, August* 1850. Motion to set aside an order for publication against a non resident defendant, made by a justice of this court at chambers, under § 135, *sub.* 3, of the Code, on the ground that the affidavit on which it was made was defective in not proving positively that the defendant had property in this state. That part of the affidavit in question was as follows: "That the said John Thomas has property within the state of New York *as this deponent has been informed and believes,* that he the said John Thomas is, *as this deponent has been informed and believes,* interested and has an interest in real estate in the county of Albany and in other counties in said state of New York."

Evertson agt. Thomas.

J. K. PORTER, *for Defendant*
H. C. VAN VORST, *for Plaintiff*.

PARKER, Justice.—The affidavit is defective in not showing that the defendant has property within the state of New York. It is not enough to state this on information and belief. That is no proof of the fact. A person may give such testimony who has no personal knowledge on the subject. Mere hearsay and belief founded on it are not evidence. In ex parte Haynes (18 *Wend.* 611), an attachment had been issued on an affidavit in which the witnesses stated, that *they were informed and believed* that the debtor was a non resident, but the Supreme Court held the affidavit insufficient and set aside the attachment. (See also Smith vs. Luce, 14 *Wend.* 637; Ex parte Robinson, 21 *Wend.* 672; Kingsland vs. Cowman, 5 *Hill*, 611. In re Bliss, 7 *Hill*, 187; Thatcher vs. Purcell, 6 *Wheaton*, 119; Williamson vs. Doe, 7 *Black. f R.* 12; In re Faulkner, 4 *Hill*, 598; Brisbane vs. Peabody, 3 *How. Pr. R.* 109).

It will appear by these cases, how careful the courts have been, to see that the statute is strictly complied with, in proceedings which subject property to seizure and sale, without a personal service of process on the owner. The duty to protect against injustice is certainly none the less obligatory under the Code, which authorizes the recovery of judgment in so many cases on a mere publication of notice, substituted in place of personal service.

The practitioner will find it necessary to be exceedingly careful, that the affidavits on which he proceeds are in conformity to the requirements of the statute, if he will secure a valid judgment.

The motion must be granted.