BARTON RICKETSON *v.* WILLIAM A. RICHARDSON,
  SAMUEL R. THROCKMORTON, CHARLES S. COMP-
  TON, DONALDO DAVIDSON, BENJ. DAVIDSON,
  WILLIAM HOOD, ROBERT WALKINSHAW, ET ALS.

SERVICE OF SUMMONS.—The sections of the Practice Act providing for the service
  of summons on a defendant by publication, being in derogation of the common
  law, must be strictly construed.

AFFIDAVIT FOR PUBLICATION OF SUMMONS.—An affidavit to obtain an order for the
  service of a summons by publication must show whether the residence of the per-
  son upon whom service is sought is known to the affiant, and if known, the resi-
  dence must be stated.  An affidavit which merely repeats the language or sub-
  stance of the statute is insufficient.  The ultimate facts of the statute must not be
  stated in the affidavit, but the probative facts, upon which the ultimate facts
  depend.

SAME.—It is not sufficient to state generally in such affidavit that after due dili-
  gence the defendant cannot be found within the State, or that the plaintiff has a
  good cause of action against him, or that he is a necessary party, but the acts con-
  stituting due diligence, or the facts showing that he is a necessary party, should be
  stated.

ORDER FOR PUBLICATION OF SUMMONS.—On granting the order for the publication
  of summons, the Court acts judicially, and can know nothing about the facts upon
  which the order is to be granted, except from the affidavit.

SAME.—An order for the service of summons by publication must state the facts
  proved by the affidavit upon which it is based.  It is not sufficient for the order to
  state, generally, that the defendant resides out of the State, or cannot, after due
  diligence, be found within the State, or that a cause of action exists against the
  defendant.

REVERSAL OF JUDGMENT.—Where only one of several defendants against whom a
  judgment has been rendered, appeals to the Supreme Court, the appellate Court,
  if it reverse the judgment, may reverse or modify it as to any or all of the par-
  ties defendant.  Where, in such case, the error assigned only affects the party
  appealing, the Court will not presume error as to the parties not appealing, and
  will reverse the judgment only as to the party appealing.

APPEAL from the District Court, Seventh Judicial District,
Marin County.

This was a suit to foreclose a mortgage upon certain real
estate situated in the County of Marin, and known as the
" Rancho Saucelito," executed by William A. Richardson to
Jeremiah Clarke, and of which the plaintiff was the assignee.

The following is the affidavit upon which the order of pub-
lication of summons was made :

" Charles S. Hathaway, of the City and County of San

Francisco, being duly sworn, deposes and says that he is the attorney in fact of the plaintiff in the above entitled action, and that as such attorney in fact he is particularly acquainted with the facts connected with said action; that the above named defendants, Alexander Matthewson, David Jardine, Joseph Jardine, Alexander G. Dallas, Alexander C. Maclane, and Charles S. Compton, reside out of the State of California, and are not now within said State, but are, as deponent is informed and believes, residents of the Empire of China.

".Deponent further says that a good cause of action exists against all of said defendants, and that they are all, as deponent is informed and believes, necessary parties to said action.

"CHARLES S. HATHAWAY.

"Subscribed and sworn to this 16th day of February, A. D. 1856, before me,

"GILBERT GRANT, Notary Public."

The following is the order for publication of summons:

"Upon reading and filing the affidavit of Charles S. Hathaway, the attorney in fact of the plaintiff in the above entitled action, and it appearing satisfactorily to me that the defendants, Alexander Matthewson, David Jardine, Joseph Jardine, Alexander G. Dallas, Alexander C. Maclane, and Charles S. Compton, mentioned therein, reside out of the State of California, and are not now within said State; and that the defendants, Charles Meyer, William Bennett, and William Hood, mentioned therein, cannot, after the exercise of due diligence, be found within said State of California;

"And it also appearing that a cause of action, as described in the complaint, exists against said defendants, and that they are necessary parties hereto;

"It is ordered that service of process herein be made by publication of a summons, once a week for three months, in the *Alta California*, a newspaper printed and published in the City and County of San Francisco, in said State; and that a copy of said summons and complaint be deposited in the Post Office at San Francisco, postage paid, addressed to said Mat-

thewson, at Hongkong, China; also, one to David Jardine, directed to Hongkong, aforesaid; also, one to Joseph Jardine, directed to Canton, China; also, one to Alexander G. Dallas, directed to Hongkong, China; also, one to Alexander C. Maclane, directed to Hongkong, China; also one directed to Charles S. Compton, postage paid, at London, England.

"Given under my hand at San Rafael, this 18th day of February, 1856.

"A. BARNEY,

"County Judge Marin County."

The other facts are stated in the opinion of the Court.

*H. & C. McAllister*, for Appellant.

*Where service is attempted in a mode different from the course of the common law, the statute must be strictly pursued to give jurisdiction.*

"We have already held, in proceedings of this character, where service is attempted in modes different from the course of the common law, that the statute must be strictly pursued," etc. (*Jordan* v. *Giblin et al.*, 12 Cal. 102.)

"If the Court has no jurisdiction in this case, such a decision is obviously wrong, because it is and ever has been the policy of this Court to allow the question of jurisdiction to be raised at any time. He ought to be allowed this privilege certainly the first time he can get into Court. Without jurisdiction, even in this Court the whole proceeding is *coram non judice*. * * * In this case, claim is made of jurisdiction over the personal property of the defendant by a substitute provided by statute for personal service. In all such cases, we are bound to see that the statute has been strictly pursued. The persons and estates of individuals would be subject to alarming hazards if jurisdiction could be obtained over them by anything less than the fullest compliance with all their requirements." (*Titus* v. *Relyea*, 16 How. Pr. 373.)

"The code requires that the order for the publication of the summons 'must direct a copy of the summons and complaint

be *forthwith* deposited in the Post Office, directed to the person, to be served *at his place of residence,* unless it appear that *such residence* is neither *known* to the party making the application, nor can *with reasonable diligence be ascertained by him.'* (Sec. 135, sub. 5.)   The affidavits in this case do not show the *residence* of the defendant, or that it is neither *known* to the plaintiff, nor can with reasonable diligence *be ascertained by him,* which facts they must show before I can grant •the order applied for.   The order presented is printed ; but it is defective, as many that have been printed are.   It states that a copy of the summons and complaint be deposited in the Post Office, addressed to the defendant, and that is all.   It should read that a copy be *forthwith* deposited, etc., for that is the language of the code (Sec. 135, sub. 5) ; and it should also state that it be directed to the defendant, at his residence, *naming it* if it is known.   For the foregoing reasons, I must return the papers in this case to the plaintiff's attorney, without granting the order applied for."   (*Hyatt* v. *Wagenright,* 18 How. Pr. 248.)

*F. F. Fabens,* for Respondent.

By the Court, SANDERSON, C. J.

The only question involved in the case which we deem it material to notice is one of jurisdiction.   Service of summons upon Compton, the only defendant who appeals, was sought by publication, as provided in sections thirty and thirty-one of the Practice Act.   Those sections are in derogation of the common law, and must be strictly pursued in order to give the Court jurisdiction over the person of the defendant.   A failure to comply with the rule there prescribed in any particular is fatal where it is not cured by an appearance.

Sections thirty and thirty-one treat of the same general subject, and they must be read together for the purpose of ascertaining what the affidavit and order should contain in order to satisfy the law and make the service complete.   It must appear from the affidavit that the person upon whom service is to be

made either resides out of the State, or has departed from the State, or cannot, after due diligence, be found within the State ; or that he conceals himself to avoid service, and that the plaintiff has a cause of action against him ; or that he has a cause of action to the complete determination of which he is a necessary or proper party ; and also whether his residence is known, and if known it should be stated.

An affidavit which merely repeats the language or substance of the statute is not sufficient. Unavoidably the statute cannot go into details, but is compelled to content itself with a statement of the ultimate facts which must be made to appear, leaving the detail to be supplied by the affidavit from the facts and circumstances of the particular case. Between the statute and the affidavit there is a relation which is analogous to that existing between a pleading and the evidence which supports it. The ultimate facts of the statute must be proved, so to speak, by the affidavit, by showing the probatory facts upon which each ultimate fact depends. These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit. To illustrate : It is not sufficient to state generally, that after due diligence the defendant cannot be found within the State, or that the plaintiff has a good cause of action against him, or that he is a necessary party ; but the acts constituting due diligence or the facts showing that he is a necessary party should be stated. To hold that a bald repetition of the statute is sufficient, is to strip the Court or Judge to whom the application is made of all judicial functions and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration. The ultimate facts stated in the statute are to be found, so to speak, by the Court or Judge from the probatory facts, stated in the affidavit, before the order for publication can be legally entered.

The affidavit must show whether the residence of the person upon whom service is sought is known to the affiant, and if known, the residence must be stated. It is true that this is

20

not required in terms in the thirtieth section, which is more especially devoted to the affidavit; but, as we have already said, the whole statute upon the subject of service by publication is to be read together, and the thirty-first section requires that where the residence is known the order shall direct a copy of the summons and complaint to be forthwith deposited in the Post Office, directed to the person, to be served at his place of residence. In granting the order, the Court or Judge acts judicially and can know nothing about the facts upon which the order is to be granted, except from the affidavit presented by the applicant.

There is no other way of bringing the fact of residence to the judicial knowledge of the Court or Judge. That the fact of residence should appear in the affidavit is therefore necessarily implied from the whole tenor and scope of the statute.

Under this construction of the statute, of the soundness of which we have no doubt, it is clear, from an inspection of the affidavit and order of publication in this case, that neither satisfies its requirements. Under them the Court acquired no jurisdiction over the person of the appellant. Where this kind of service is sought the proceedings should be carefully scrutinized and strict compliance with every condition of the law exacted; otherwise its provisions may lead to gross abuse, and the rights of person and property made to depend upon the elastic consciences of interested parties, rather than the enlightened judgment of a Court or Judge.

Although none appeal except Compton, we are asked to reverse the judgment as to all the defendants. The action of this Court in cases brought here by appeal is prescribed by the three hundred and forty-fifth section of the Practice Act, which reads as follows : " Upon an appeal from a judgment or order, the appellate Court may reverse, affirm or modify the judgment or order appealed from, in the respect mentioned in the notice of appeal, and as to any or all of the parties, and may set aside or confirm or modify any or all of the proceedings subsequent to or dependent upon such judgment or order, and may, if necessary or proper, order a new trial. When the judgment

or order is reversed or modified, the appellate Court may make complete restitution of all property and rights lost by the erroneous judgment or order; and when it appears to the appellate Court that the appeal was made for delay, it may add to the costs such damages as may be just."

Under this section the appellate Court has full power to do or cause to be done what, according to the rules of law and equity, ought to have been done in the lower Court, as to any or all of the parties plaintiff or defendant. Under the old system of distinct law and equity Courts, the Court of Chancery always possessed this power, and in this instance, as well as many others, the new code of procedure has adopted the equity practice. (*Geraud* v. *Stagg*, 10 How. Prac. R. 369; *Story* v. *New York and Harlem Railroad Company*, 2 Selden, 85.)

The error assigned in the present case only affects the appellant Compton. We are bound to presume that as to the other defendants there was no error, for none of them have appealed. It is apparent that the Court below ought not to have rendered judgment against Compton, because the service was insufficient. But there was no valid reason why the Court should not have proceeded to final judgment as to the other defendants, if the plaintiff was satisfied to do so. Compton certainly has no right to insist that the judgment shall be reversed as to the other defendants. The judgment being reversed as to him leaves him wholly unaffected by any part thereof. What more can he ask, or what more is it possible for him to get?

As against the defendant Compton, only, the judgment is reversed.

Mr. Justice SHAFTER, having been of counsel, did not sit on the trial of this case.