EMMA J. PALMER, APPELLANT, v. JAMES B. MC-
MASTER, RESPONDENT.

EVIDENCE — *Judgment in rem.* — The plaintiff offered in evidence of her title to
certain personal property in dispute, a judgment previously rendered in her
favor concerning title to the same, in an action to which neither the defendant
nor certain creditors of her husband, whom he represented, were parties. It was
not admitted in evidence. *Held,* that said judgment was not a judgment *in rem,*
and only settled the title to the property as between the parties to it; and that
the trial court was right in refusing to admit the same in evidence.

*Judgment obtained by publication of summons — Act of Thirteenth Session,* 1883,
*page* 50, *concerning publication of summons, construed — Judgment rolls.* — The
defendant was allowed to introduce in evidence upon the trial the judgment
rolls in certain cases, in which service had been obtained by publication under
the Act of 1883. (Acts of Thirteenth Session, page 50.) They neither contained
the affidavits showing the necessity of service by publication, nor any orders of
a judge, or clerk of court, for such service. The record on appeal did not sup-
ply the omissions. *Held,* that under said act, affidavits and orders of the kind
mentioned were prerequisites to valid judgments, and that the rolls were
fatally defective and should not have been admitted in evidence.

*Service of summons by publication — Affidavit.* — *Held,* that under section 73,
division 1, Compiled Statutes, an affidavit filed in an action, in order to obtain
service of summons by publication, must set forth the plaintiff's cause of action ;
and that no judgment in such an action is valid, unless there is a proper
affidavit. (*Alderson* v. *Marshall,* 7 Mont. 288, cited.)

*Judgments based on statutory constructive service of summons — No presumption
as to their regularity.* — *Held,* that statutory provisions for obtaining service on
absent or non-resident defendants constructively are in derogation of the com-
mon law, and must be strictly construed; and that a judgment obtained by such
service is not entitled to the presumption of regularity in its favor which
attaches to the proceedings and judgments of courts of general jurisdiction, when
the defendants therein were actually before them.

JUDGMENTS — *Validity of same — Attacking same collaterally.* — The record in the
case at bar showed that certain judgments offered in evidence and relied upon
by the defendant were void. The court said: "Whenever it appears from the
record (as in this case) that the court never had jurisdiction over the defendant,
the judgment will be pronounced a nullity, whether it comes directly or col-
laterally in question.

CIVIL PRACTICE — *Validity of judgment — How questioned, when offered in evidence.* —
Certain judgment rolls were admitted in evidence, over the objection of plaint-
iff. The ground of the objection was, that the judgments as disclosed by said
rolls were invalid. *Held,* that the plaintiff's objection was rather to the effect
of the judgments than to their admissibility in evidence, but that the practice
which permits the question of the sufficiency of a judgment to be raised on an
objection to its admissibility in evidence has been sanctioned by the United
States courts, and will be followed in Montana.

JUDGMENT BY DEFAULT. — *Held,* that a judgment by default, entered too soon, is as
much a nullity as if it had been taken on a defective service of summons.

JUDGMENT BY DEFAULT — *Indorsement of default on complaint under section* 306,
*division* 1, *Compiled Statutes — Judgment rolls held defective.* — Certain judg-
ment rolls in cases where judgments had been taken by default were admitted
in evidence. They failed to show that any entries of default had ever been
made or indorsed on the complaints as required by section 306, division 1, Com-
piled Statutes. *Held,* that a judgment by default entered too soon is void.

*Held,* that in taking judgments by default, the statutes authorizing the same should be strictly followed; and the fact that a default was duly entered against the defendant should appear either upon the minutes of the court, or, as said section 306 directs, by an indorsement of the clerk upon the back of the complaint.

MARRIED WOMAN — *May attack invalid judgment against her husband collaterally.* — The plaintiff, a married woman, sued the defendant, a sheriff, who had levied upon certain personal property, at the instance of certain creditors of plaintiff's husband and relied upon certain invalid judgments of said creditors against the husband, to justify the levy. The complaint alleged that the plaintiff owned, and was in possession of the said property at the time of the levy. *Held,* that the plaintiff was entitled to attack said judgments collaterally.

*Appeal from the District Court, Deer Lodge County.*

### STATEMENT.

The plaintiff, a married woman, brought an action for conversion against the defendant, a sheriff, who had levied upon certain personal property, at the instance of certain creditors of the plaintiff's husband. Plaintiff alleged ownership in the chattels converted, and also claimed them as her separate property by virtue of a list of separate property, filed by her on the day of her marriage, in order to exempt the same from her husband's debts, under the statute. The defendant denied the ownership of plaintiff, and set up in justification of his seizure certain judgments rendered against plaintiff's husband, and writs of execution thereunder. Upon the trial the plaintiff offered in evidence the roll of a judgment in her favor, as to a certain part of the property in dispute, rendered, prior to her marriage, against certain persons who were not parties to this suit. It had been decided by said judgment, however, that the property did not belong to the man whom the plaintiff subsequently married. The court refused to allow the same in evidence. Plaintiff then offered in evidence the complaint embraced in said judgment roll, for the purpose of describing and identifying the disputed property, the said complaint being referred to in her list of separate property. Upon objection the court excluded it. The defendant was allowed to introduce in evidence the rolls of the judgments under which he claimed a justification of his levy. The trial resulted in a verdict and judgment for the defendant. Plaintiff appealed.

*Cole & Whitehill,* for Appellant.

The court below should have allowed the appellant to introduce in evidence the judgment roll of *Lena Owens* v. *W. W. Jones et al.*, on two grounds. (1) That the papers in said judgment roll show that said Lena Owens, who is the plaintiff in this action, had claimed the property mentioned in the separate list, at least six months prior to her marriage to William J. Palmer, and that she was in possession, and entitled to the possession of the same. (2) That said papers show that on the twenty-ninth day of December, 1871, the said Lena Owens was adjudged to be the owner of the property mentioned in said separate list, in an action pending in said District Court, in which she was plaintiff, and W. W. Jones, the sheriff of Deer Lodge County and predecessor of the defendant in this action, was defendant. (3) The complaint at least should have been allowed in evidence, as it is referred to in said separate list. (Freeman on Judgments, § 416; *Buckingham* v. *Hanna*, 2 Ohio St. 557; *Fowler* v. *Savage*, 3 Conn. 90; *Barr* v. *Gratz*, 4 Wheat. 213.) The judgment rolls offered in evidence by respondent should have been excluded. No valid judgments were rendered in those cases, for the reason that there had been no personal service of summons therein, and only a void service by publication. (*Galpin* v. *Page*, 3 Sawy. 93; 18 Wall. 350; *Pennoyer* v. *Neff*, 95 U. S. 714; *Belcher* v. *Chambers*, 53 Cal. 635; *Alderson* v. *Marshall*, 7 Mont. 288; Freeman on Judgments, § 607 *a.*)

*Robinson & Stapleton*, for Respondent.

The complaint in the case of *Owens* v. *Jones* was properly excluded, because the defendant was not a party to that action. (*Nason* v. *Blaisdell*, 12 Vt. 165; 36 Am. Dec. 332; 2 Wharton on Evidence, 760, 761, 762, 820; *Kearney* v. *Denn*, 15 Wall. 51; *Karr* v. *Parks*, 44 Cal. 46; *Stoops* v. *Woods*, 45 Cal. 444; 1 Greenleaf on Evidence, 523, 524, 535; *Davis* v. *Wood*, 1 Wheat. 6; *Mutual Benefit Life Ins. Co.* v. *Tisdale*, 91 U. S. 244; *Humes* v. *Scruggs*, 94 U. S. 23.) But even if the plaintiff wished to have the judgment introduced for a limited purpose only she should have so stated (*Keenan* v. *Holloway*, 16 Ala. 52; 50 Am. Dec. 166); but it was offered for the same purpose as in *Stoops* v. *Woods*, *supra*. Although the judgments of Bailey and of *Kleinschmidt* v. *Palmer* were admitted in evi-

dence, no injury could have resulted to plaintiff therefrom, as the attachments and executions were the justification to the defendant, as sheriff, in seizing and selling the property. The law is, that in an action against an officer for trespass, if he justifies under legal process, which is fair on its face, he is not put on inquiry as to defects in the judgment on which it was issued. (*Erskine* v. *Hohnbach*, 14 Wall. 616; *Haffin* v. *Mason*, 15 Wall. 675; Freeman on Executions, §§ 101, 102; *Clarke* v. *May*, 2 Gray, 410; 61 Am. Dec. 472; *Norcross* v. *Nunan*, 61 Cal. 642; *Savacool* v. *Boughton*, 5 Wend. 170; 21 Am. Dec. 181, and notes where the authorities are collected.) This case is in a very different position before the court from the one of *Alderson* v. *Marshall*, cited by counsel. In that case the affidavit for publication of the summons was introduced for the consideration of the court, and in this it is not. The judgment roll alone was introduced in evidence, and the affidavit for publication is no part of the judgment roll, and the court must presume that it was all that the law required.

LIDDELL, J. — This is a suit against the sheriff for two thousand one hundred dollars, the value of certain personal property which the plaintiff avers belongs to her, and the possession of which she was wrongfully deprived of by the defendant under writs of attachment and execution issued against her husband, W. J. Palmer. She sets forth in her complaint and replication, that the property belonged to her at the time of her marriage, and that a list thereof was duly recorded, as the law directs, in the recorder's office of the county in which she lived, on the day of her marriage with the defendant in execution. In his reply the sheriff justifies the seizure of the property by averring that he held the same under writs of attachment, issued from the District Court for Deer Lodge County in the cases of *James M. Bailey* and *A. Kleinschmidt* and *A. Smith* v. *W. J. Palmer*, and also under a writ issued from the Probate Court of said county, in the case of *James M. Bailey* v. *W. J. Palmer;* that afterwards the suits in the District Court ripened into judgments, and under executions in said cases, he sold the property for nine hundred and seven dollars, which is, and was, its true value; finally, he denies that the property in dispute belonged to the plaintiff, and avers the own-

ership thereof to be in the judgment debtor, thereby putting the wife to the proof of her allegation. Upon these issues the parties went to trial, and the result was a verdict and judgment for the defendant, from which an appeal is taken to this court. The case is before us upon bills of exceptions taken to the ruling of the judge *a quo*, in excluding and admitting evidence, and will be considered in the order in which they appear.

During the progress of the trial, the plaintiff offered in evidence the judgment roll in the case of *Lena Owens* (maiden name of the present plaintiff) v. *W. W. Jones and Charles S. Warren,* decided in the District Court of Deer Lodge County some years before the present suit was instituted. The defendant objected to its reception in evidence, for the reason, among other objections, that the defendant not having been a party to that suit, as to him, it was *res inter alios acta.* From the ruling of the district judge in sustaining this objection, the plaintiff reserved a bill, and urges with great earnestness its correctness; but we have not been referred to any authorities, in the brief or oral argument, which would sustain the admission of the judgment roll, unless it be a judgment *in rem.* From an examination of the record offered in evidence, it appears that several years prior to the commencement of the present suit, a judgment creditor of W. J. Palmer had caused the sheriff (Jones) to seize, under execution, certain horses, mares, and colts, as belonging to the judgment debtor. Whereupon, Lena Owens, afterwards the wife of Palmer, sued the sheriff for the recovery of the property, or its value, alleging ownership and possession. Subsequently to this suit she duly filed in the proper office, on the day of her marriage with Palmer, a list, including the property which had been in dispute, of a large number of mares, horses, and colts. But the sheriff, in his suit, only put her to the proof of ownership of the first ten head afterwards mentioned in the list, as the rest of the property had been released from seizure prior to the institution of such suit. There was a judgment for the plaintiff, but no contest arose, except as to the ten head mentioned above; and it is very evident that, if it was a judgment *in rem*, it certainly could not be for any other property than that about which there was a contest. Manifestly the judgment in the *Owens Case* did not fix the status of the property in dispute, except as between the parties

to that suit; for to hold otherwise, would be to open the door to fraud. If such judgments could be treated as judgments *in rem*, which are *res adjudicata* as to all the world, nothing would be easier than to obtain them by collusion, thereby binding all of the creditors of a man afterwards marrying, who were not parties to the proceedings. The position of the plaintiff would have been correct, if the contest had been with the executor, administrator, or assignee of a husband; for, in such case, the creditors collectively would have been represented. The judgment offered in evidence is not even pleaded by way of estoppel; nor can it be said, from an inspection of the judgment roll in that case, and the record in the present suit, that the property in dispute is the same in both litigations. The creditors of the husband have the right, at any time, to inquire into the ownership of property standing in the name of the wife; and in the present case, it is plain from the pleading, that if the wife is the owner of the property in dispute, her title to the same arose long anterior to the time of the suit between Lena Owens and W. W. Jones *et al.*, and consequently the record in that case could serve no purpose whatever in establishing her ownership of the property in controversy. There is no aspect of the case under which the judgment roll was admissible in evidence, and consequently no error in the ruling of the court excluding it.

The next bill of exceptions presents a much more important question, and is one taken by the plaintiff to the ruling of the court in permitting the defendant to offer in evidence the judgment rolls in the cases of *James M. Bailey* v. *W. J. Palmer* and *Albert Kleinschmidt et al.* v. *W. J. Palmer*, from the District Court of Deer Lodge County; and also the judgment roll in the case of *James M. Bailey* v. *W. J. Palmer*, from the Probate Court of said county. These suits were commenced, respectively, on December 10, 1883, November 21, 1883, and January 30, 1884; and the rolls respectively consist of the complaint, the summons, with the sheriff's return thereon that he was unable to find the defendant in the county, an affidavit of a clerk of a newspaper to the publication of the summons, and the judgment. The plaintiff objected to their reception in evidence, for the reason that there was never any service of the summons as the law directs; and the courts being without jurisdiction, the judgments were there-

fore void. The judgment rolls were offered in evidence by the sheriff for the purpose of showing the authority under which he made the seizure and sale of the property in dispute; and it would seem that the plaintiff's objection would go rather to the effect of the evidence than to its admissibility. For whether the authority, i. e., the judgments under which the writs were issued, is sufficient in law to protect the sheriff, is quite a different question from that of the admissibility of the evidence. At first we were inclined to hold with the district judge, and admit the evidence; but on a reconsideration of the question, we have thought best to conform to the practice as sanctioned or acquiesced in by the United States courts, which permits the sufficiency of the judgment to come up on bill of exceptions to its admissibility in evidence. (See *Galpin* v. *Page*, 18 Wall. 350; *Neff* v. *Pennoyer*, 3 Sawy. 274.) We have in this Territory only two methods of serving a summons; one is by personal service, and the other is constructive service by publication. Service of summons is the very basis and ground-work of all actions; the lawsuit is, so to speak, built upon this as a foundation, and without service or voluntary appearance, there is nothing to give the court jurisdiction over the defendant. Every litigant must be given the opportunity to be heard in court before he is condemned; and wherever it appears from the record (as in this case) that the court never had jurisdiction over the defendant, the judgment will be pronounced a nullity, whether it comes directly or collaterally in question. (*McMinn* v. *Whelan*, 27 Cal. 312.) All jurisdictional facts must appear from the record; and when that discloses the fact that the defendant is not within the territorial limits of the court, there will be no presumption in favor of the judgment of such court. In short, the presumption of the regularity of proceedings and judgments of courts of general jurisdiction is only where the defendant was within the territorial jurisdiction of the court. (*Galpin* v. *Page*, 3 Sawy. 93.) The statutory provisions for acquiring jurisdiction over an absent or non-resident defendant, by constructive service of summons, is in derogation of common law, and must be strictly construed and complied with in all substantial particulars, under pain of nullity. (*Jordan* v. *Giblin*, 12 Cal. 100; *Evertson* v. *Thomas*, 5 How. Pr. 45; *Kendall* v. *Washburn*, 14

How. Pr. 380; *Cohn* v. *Kember*, 47 Cal. 145.) The judgment rolls admitted in evidence in this case, over the objection of the plaintiff, fail to show any valid service of summons by publication, in this, that they do not contain any affidvait showing the necessity or right to constructive service, or any order of the court or judge directing the service of the summons to be made by publication. The failure of the rolls or record to show this affidavit, as well as order, is a fatal defect in the judgments. The law which governed the method of constructive service at the time of the institution of those suits is found in section 1 of the Act of 1883, concerning the publication of summons, approved March 1, 1883, and remained in force up to the adoption, in 1887, of section 73, Code of Civil Procedure. Under the section of the Act of 1883, referred to, the first step in constructive service was an affidavit setting forth that the defendant resided out of the Territory, or had departed from the Territory, or that he concealed himself to avoid service of summons, or that he could not, after due diligence, be found within the Territory, or that the defendant was a foreign corporation, having no managing or business agent, cashier, secretary, or other officer within the Territory; and in addition thereto, the affidavit had also to set forth the plaintiff's cause of action against the defendant, and that he was a necessary party to the suit. After the preparation of the necessary affidavit, the next step required by the law was, that it should be presented to the judge, or clerk of the court in the former's absence, who thereupon caused the service of summons to be made by publication.

As amended, section 73 of the Code of 1887 still retains the feature of the affidavit, but disposes of the necessity for the order, which was held to be a judicial act; and it is now made the ministerial duty of the clerk to cause the service to be made by publication, upon the filing with him of the requisite affidavit. The affidavit was an indispensable prerequisite to obtaining the publication; for, under the law prior to 1887, it was the only authority the judge had upon which to act. In granting this order it was held, in *Ricketson* v. *Richardson*, 26 Cal. 154, that the court or judge acts judicially, and can know nothing about the facts upon which the order is to be granted, except as they appear in the affidavit; and when there is an entire absence of affidavit,

or an insufficient one, he cannot grant the order for publication. (See, also, *Alderson* v. *Marshall,* 7 Mont. 288.) Where a judgment has been obtained by constructive service of summons, prior to 1887 and subsequent to 1883, in order to be valid, the record or judgment roll must, under pain of nullity, show the proper affidavit above referred to; the order of the judge or court, or his absence; and the affidavit of the publication of the summons. On this point the opinion of Judge Deady, in the case of *Neff* v. *Pennoyer,* from the United States Circuit Court of Oregon, reported in 3 Sawy. 287, is exhaustive and complete; and here we may say that the law of constructive service is the same in Oregon and California as it was in this Territory, prior to the act of the 1st of March, 1883. In the very able opinion referred to the learned judge says: " The proof of service in a judgment roll must, according to the natural signification of the words of the statute, include, not only the fact of delivery or publication, but the authority to do so. In case of service by a sheriff, his certificate of delivery to a defendant would not be sufficient proof of service unless it contained the evidence of his authority,—that it was done in his official capacity; and so, when the service purports to be by publication, it is not proven, shown, established, until the authority to publish is proven, as well as the publication itself." To the same effect are the cases of *Galpin* v. *Page,* 3 Sawy. 93, and *Galpin* v. *Page,* 18 Wall. 350.

In the case of *Neff* v. *Pennoyer,* just referred to, the judgment under consideration was held void because of the insufficiency of the affidavit to obtain the order of publication; while, in the present instance, neither the judgment rolls offered in evidence, nor the record, show any affidavit of facts for the court to act upon, or any order of publication by the court, or the absence of the judge to justify the action of the clerk, as is required under the law of 1883. For these reasons we hold that the publication of the summons, in the two cases of *Bailey* v. *Palmer,* and in that of *Kleinschmidt* v. *Palmer,* was without authority, and all proceedings following, including the judgments, were void and of no effect. The proof must exist in the record, *dehors* the judgment, that the proper affidavit was made, as well as the order for publication; for no substantial element

of constructive service will be presumed in aid of jurisdiction. (*Galpin* v. *Page*, 18 Wall. 364.) If, however, as a matter of fact, there was a proper affidavit and order, neither of which was included by the clerk in the judgment roll, we are not to be understood as denying the right to have them considered, if they had been introduced in evidence. In this respect our attention is called to another matter, in which the judgment rolls offered in evidence are defective. In the absence of the memorandum (which section 306, Code of Civil Procedure, requires the clerk to make upon the back of the complaint, and which forms a part of the judgment roll) showing that default was entered against the defendant for not answering, we are unable to say whether the delay for answering had expired before the default was entered. A judgment by default entered too soon is as much a nullity as if it had been taken on a defective service. (*Burt* v. *Scrantom,* 1 Cal. 416.) That a default was duly entered against the defendant should appear either upon the minutes of the court, or, as the law directs, in an indorsement by the clerk upon the back of the complaint, which forms a part of the judgment roll; for if such memorandum is no part of a judgment roll, the question cannot be brought before the appellate court except by statement of facts or a bill of exceptions, either of which proceedings presumes the presence of parties or counsel. In taking a judgment by default, the statute should be strictly followed. (*Joyce* v. *Joyce,* 5 Cal. 449; *State* v. *Woodlief,* 2 Cal. 241; *Rowley* v. *Howard,* 23 Cal. 402.)

The fact that the property in dispute is claimed by the plaintiff as her own, and to have been in her possession at the time of the seizure, will entitle her to make this attack in a collateral way upon the judgments of the seizing creditors. It is no concern of theirs who owns the property; for, unless they have valid judgments to support their executions, they cannot deprive the plaintiff of her possession. There was an objection taken by the plaintiff to the admissibility in evidence of the deposition of Albert Mead, and also a general exception to the instructions of the court to the jury; but as neither of them were urged in oral argument or brief, we will conclude that they have been abandoned by the appellant. The judgment of the lower court is hereby reversed, and the cause remanded for a new trial in

accordance with the opinion herein expressed, respondent paying costs of appeal.

*Judgment reversed.*

McCONNELL, C. J., and BACH, J., concur.