PALMER, RESPONDENT, *v.* McMASTER, APPELLANT.

[Argued June 21, 1892.    Decided May 15, 1893.]

SUMMONS—*Affidavit for publication—Judgments*—An affidavit on which an order of publication of summons is made, which merely states that the defendant has departed from the state and cannot be found therein, without stating that due or any diligence had been used to ascertain his whereabouts, or that any effort had been made to obtain personal service, and no reason is given for not stating his residence, is insufficient to authorize the issuance of the order, and a judgment taken in such case is void.

SAME—*Same.*—It is not sufficient to state, in an affidavit for the publication of a summons, that the defendant has departed from the state, or cannot after due diligence be found within the state, following the language of the statute, but the probatory facts constituting the diligence of the plaintiff to find the defendant should be stated in order to enable the court to judicially determine the ultimate fact that due diligence was exercised.

*Appeal from Third Judicial District, Deer Lodge County.*

Conversion. Judgment was rendered for the plaintiff below by DURFEE, J. Affirmed.

*Brantley & Scharnikow,* and *W. H. Trippett,* for Appellant.

The objection to the judgment was wholly as to the sufficiency of the affidavit for publication of summons. If the affidavit is good, assuming that it can be considered on a collateral attack, then there is a good judgment; if bad, then an invalid judgment. The objection which the lower court found to this affidavit was that it did not state where the residence of defendant was, or, in lieu thereof, that his residence was unknown; citing *Ligare* v. *California S. R. R. Co.,* 76 Cal. 610, and *Ricketson* v. *Richardson,* 26 Cal. 153. In both these cases there was a direct and not a collateral attack upon the judgment. The affidavit was drawn under the Act of 1883. That act in its language is quite different from the statute of California and from our statute of 1879. The first section of the statute of 1883, after stating the causes for publication, reads, "and an affidavit stating any of these facts is filed with the court," etc., then publication shall be made. That is to say, if any of these facts are stated it will be sufficient, adding the other matter required by that section. In other words, everything required to be stated in the affidavit is prescribed in the first section of the Act of 1883, and there is nothing by construction required by the second section. There being, therefore, no express or constructive requirement under the statute of 1883 that the residence of the defendant should be stated, or that the residence was unknown, the affidavit is sufficient upon that point. The affidavit is certainly good as to any other objection. The statement that the defendant is a nonresident of the territory, or has departed from the terri-

tory, is a fact in itself, without any further evidential fact. (*Anderson* v. *Goff*, 72 Cal. 65; 1 Am. St. Rep. 34; *Furnish* v. *Mullan*, 76 Cal. 646.) The affidavit for publication is no part of the judgment-roll. True, in the case of *Alderson* v. *Marshall*, 7 Mont. 288, a collateral attack was allowed to be made upon a judgment of this kind, but there the court seems to have assumed that the affidavit was a part of the judgment-roll. In assuming that the affidavit was a part of the judgment-roll and allowing the judgment to be collaterally attacked on account of a defective affidavit, the decision in *Alderson* v. *Marshall* is squarely in conflict with the following cases: *Sharp* v. *Daughney*, 33 Cal. 505; *Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742; *Quivey* v. *Porter*, 37 Cal. 458; *McCauley* v. *Fulton*, 44 Cal. 356, and *In re Newman*, 75 Cal. 213; 7 Am. St. Rep. 146.

*Cole & Whitehill,* for Respondent.

The authorities are abundant on the proposition that a judgment is void when founded upon an insufficient affidavit and it has been so decided in this state. (*Alderson* v. *Marshall*, 7 Mont. 288; *Palmer* v. *McMaster*, 8 Mont. 186.) It is the law of this case, even if the court should now hold it wrong in principle. The affidavit of publication is bad under all the authorities, and an affidavit of that kind cannot support an order, and if that be so the judgment is void. The bald statement that the defendant has departed is not enough. It must be shown that he has not only departed, but has gone to some other jurisdiction, or that from inquiry his whereabouts cannot be ascertained. Even in the case of a nonresident it is not sufficient to say that defendant is not a resident of the state, but his present residence must be stated, or some satisfactory reason for not stating that fact must be given. There is not an authority in all the books that holds that merely stating nonresidence is sufficient. The cases cited by counsel, *Anderson* v. *Goff*, 72 Cal. 65, 1 Am. St. Rep. 34, and *Furnish* v. *Mullan*, 76 Cal. 646, do not decide that "the statement in the affidavit that the defendant is a nonresident of the territory is sufficient"; on the contrary, in the words of the judge who wrote the opinion in the first case, these cases both hold that "where a defendant

is shown to be a resident of another state, and his place of residence is known, it is not necessary to show diligence in finding him," etc.  That is the correct rule and is the law of Montana. (*Alderson* v. *Marshall*, 7 Mont. 288; *Forbes* v. *Hyde*, 31 Cal. 342; *Galpin* v. *Page*, 19 Wall. 350; 3 Saw. 93; *Neff* v. *Pennoyer*, 3 Saw. 274; *McDonald* v. *Cooper*, 32 Fed. Rep. 745; *McCracken* v. *Flanagan*, 127 N. Y. 493; 24 Am. St. Rep. 481; *Braly* v. *Seamen*, 30 Cal. 610; 1 Black on Judgments, §§ 232, 281; *Little* v. *Currie*, 5 Nev. 90; *Belcher* v. *Chambers*, 53 Cal. 635.)

PEMBERTON, C. J.—This case has been several times before this court on appeal (8 Mont. 186, and 10 Mont. 390), and the errors assigned in the record on this appeal have nearly or quite all been passed upon in the former appeals of the case. It is a case for damages for the conversion of certain personal property, described in the complaint of respondent, who was plaintiff in the court below.  The appellant, the defendant below, was, at the time of the conversion complained of, sheriff of Deer Lodge county, and, among other defenses set up in his answer, sought to justify the seizure of the property claimed to have been converted under an execution in his hands, issued out of the court below, upon a judgment rendered in said court against one William J. Palmer, husband of the respondent.

The action against the said William J. Palmer was commenced by publication of summons.  The affidavit on which the order of publication of summons was made by the court below is as follows: James M. Bailey, being duly sworn, says on oath he is the plaintiff above named.  That the above-entitled cause has been begun, and summons has been issued thereon, and is now pending in said court.  That said defendant has departed from this territory, and cannot be found therein. That plaintiff has a good and subsisting cause of action against the defendant in this: that said defendant is indebted to plaintiff as follows: That on the 10th day of March, 1880, defendant executed to plaintiff and one Hartwell his promissory note for $113, payable six months from date, with $1\frac{1}{2}$ per cent per month interest, which defendant has failed to pay, and said note was assigned to plaintiff.  And for second cause of action

said plaintiff sold to defendant in May, 1883, 8,265 pounds of oats, which defendant agreed to pay plaintiff therefor the sum of three cents per pound—$247.95. And plaintiff sold to defendant two horses, of the value of $200, which defendant agreed to pay plaintiff; all of which more fully appears by plaintiff's complaint on file in said cause. James M. Bailey."

The suit of James M. Bailey *versus* William J. Palmer was prosecuted to judgment. In the trial of the case at bar below, the appellant offered in evidence, in justification of his seizure of the property converted, the judgment in the case of *Bailey* v. *Palmer.* The court excluded the evidence on the ground that the affidavit for an order of publication of summons, quoted above, was not sufficient to authorize or support such order of publication, and that the judgment rendered thereon in favor of Bailey was void. This ruling of the court is the principal error assigned in this case.

This court held in *Palmer* v. *McMaster*, 8 Mont. 186, and *Alderson* v. *Marshall*, 7 Mont. 288, that a proper and sufficient affidavit for an order of publication in cases of constructive service of summons is a prerequisite to a valid judgment. The question before this court is as to the sufficiency of this affidavit. It is the settled doctrine " that the statutory provisions for acquiring jurisdiction of a defendant by the publication of the summons in the stead of a personal service must be strictly and exactly" complied with by stating in the affidavit for the order of publication the probatory facts by which the ultimate facts which the statute calls for are shown. (1 Black on Judgments, § 232.)

In *Ricketson* v. *Richardson*, 26 Cal. 149, the court says: "An affidavit which merely repeats the language or substance of the statute is not sufficient. Unavoidably, the statute cannot go into details, but is compelled to content itself with a statement of the ultimate facts which must be made to appear, leaving the detail to be supplied by the affidavit from the facts and circumstances of the particular case. Between the statute and the affidavit there is a relation which is analogous to that existing between a pleading and the evidence which supports it. The ultimate facts of the statute must be proved, so to speak, by the affidavit, by showing the probatory facts

upon which each ultimate fact depends. These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit. To illustrate: It is not sufficient to state generally that after due diligence the defendant cannot be found within the state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the facts constituting due diligence, or the facts showing that he is a necessary party, should be stated. To hold that a bald repetition of the statute is sufficient is to strip the court or judge to whom the application is made of all judicial functions, and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration. The ultimate facts stated in the statute are to be found, so to speak, by the court or judge, from the probatory facts stated in the affidavit, before the order for publication can be legally entered." In *Forbes* v. *Hyde*, 31 Cal. 342, *Ricketson* v. *Richardson* is affirmed in an elaborate opinion by Mr. Justice Sawyer.

In *McCracken* v. *Flanagan*, 127 N. Y. 493, 24 Am. St. Rep. 481, this question is elaborately discussed, and authorities cited. In this case the court says: " It is, from an examination of this statute, pretty evident that some degree of diligence must be exercised to find the party, and what is a due degree depends upon circumstances surrounding each case, and that the simple averments in the affidavit that the defendant is a nonresident, and cannot be found within the state, are not alone sufficient to support an order for the service of a summons by publication. Those facts do not imply that any diligence has been exercised to find and serve the defendant personally with process. It needs no argument to show that the averment in the affidavit that, the defendant cannot be found in the state, does not tend to prove the exercise of due diligence to find the defendant, for the statute in question not only requires that it be stated in the affidavit that the defendant cannot be found, but expressly requires the averment that he cannot be found after due diligence. Hence, the statute forbids that due diligence may be implied from the statement that the defendant cannot be found within the state." (See

also, *Galpin* v. *Page*, 3 Saw. 93; *Braly* v. *Seaman*, 30 Cal. 611; *Belcher* v. *Chambers*, 53 Cal. 637; *Alderson* v. *Marshall*, 7 Mont. 288; *Palmer* v. *McMaster*, 8 Mont. 186.)

The affidavit in the case at bar does not state that due or any diligence had been used to ascertain the whereabouts of the defendant, or that any effort had been made to obtain personal service of summons upon him. His residence is not stated, or any reason given for not stating it. There is not a probatory fact stated in the affidavit. It is an attempt to state the words of the statute, without stating any probatory facts that would enable the court to judicially determine whether or not it was sufficient to authorize the issuance of the order for publication of summons. In view of the authorities quoted and cited above, we are of the opinion that the affidavit in question was insufficient in law to support an order of publication of summons, and that the judgment of *Bailey* v. *Palmer* was consequently null and void, and was properly excluded as evidence in this case by the court below. The judgment of the court below is affirmed.

*Affirmed.*

HARWOOD, J., concurs. DE WITT, J., having been of counsel, did not sit.