ERVIN, APPELLANT, *v.* MILNE, RESPONDENT.

[Submitted February 3, 1896. Decided February 17, 1896.]

SUMMONS—*Publication—Affidavit.*—The clerk of the district court being a ministerial officer and having no power to pass judicially upon the sufficiency of an affidavit filed as a basis for the publication of a summons under section 73, Code of Civil Procedure, 1887, is not necessary that the affidavit should set forth the probative facts, as before a judicial officer, but it is sufficient if it sets forth substantially in the language of the statute enough of the ultimate facts recited in the statute as reasons for the publication of the summons. (*Alderson* v. *Marshall*, 7 Mont. 288; *Palmer* v. *McMaster*, 8 Mont. 186; 13 Mont. 184, distinguished.)

SAME—*Causes for publication.*—The causes for publication of summons under section 73, Code of Civil Procedure, 1887, being stated disjunctively it is not necessary that all such causes exist in a particular case.

APPEAL—*Estoppel.*—A party cannot complain on appeal of a ruling which he obtained in the lower court upon his own motion. (*Newell* v. *Meyendorff*, 9 Mont. 254; *State ex rel. Leech* v. *Board of Canvassers of Choteau County*, 13 Mont. 34; *State ex rel. Congdon* v. *Second Judicial District Court*, 10 Mont. 460; *Reid* v. *Poindexter*, 16 Mont. 294; *Newell* v. *Nicholson, ante*, page 389, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

FORECLOSURE of mortgage. Plaintiff's motion, after judgment, for a writ of assistance was denied by SPEER, J. Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff appeals from an order of the district court refusing to issue, at his request, a writ of assistance for the recovery of certain real estate in the possession of one of the defendants, Sarah Milne.

It appears from the record that this action was originally commenced by the plaintiff against James R. Milne and Sarah, his wife; and the Miners Lumber Company, a corporation. The action was to foreclose a mortgage upon the real estate owned by said James R. Milne. Sarah Milne and the lumber company defaulted after personal services of summons. The only service obtained upon James R. Milne was by the publication of summons. After judgment, execution was issued, and the sheriff sold the real estate to satisfy the judgment of foreclosure. The time for redemption having expired, the

sheriff executed and delivered to the plaintiff herein, who was the purchaser at the sale, a deed of the premises. Afterwards plaintiff presented this deed to the defendant, Sarah Milne, who was in possession, and who refused plaintiff possession. Thereupon plaintiff moved the court for a writ of assistance to enable him to obtain possession of the premises. Upon the hearing of the motion, the plaintiff introduced in evidence the judgment roll in the case.

The only appearance made by defendants upon the motion was that of Sarah Milne, by her counsel. He offered in evidence the deed conveying the premises to James R. Milne. He also introduced in evidence an affidavit of Frank E. Shaw, and of Sarah Milne. These affidavits, however, are not considered in the opinion below, and need not be described. The defendant, Sarah Milne, by her counsel, also introduced in evidence the affidavit for the publication of summons, and also an order made by the judge for said publication. The affidavit for publication is as follows:

"[Title of court and cause.] Affidavit for Publication of Summons.

"State of Montana, County of Silver Bow—ss:

"James M. Self, being duly sworn, says: That he is one of the counsel for the above-named plaintiff. That the complaint in the above-entitled action was duly filed with the clerk of this court on the 7th day of December, 1891, and the summons was duly issued out of this court, and placed in the hands of the sheriff of Silver Bow county, Montana, with directions to serve the same upon said defendant James R. Milne, and the sheriff of said county has returned the same to the clerk of this court, with his return thereon indorsed, to the effect that the said defendant James R. Milne could not, after due and diligent search therefor, be found in the County of Silver Bow, Montana. That the last known place of residence of said defendant James R. Milne was at 407 West Copper street, Butte City, Silver Bow county, state of Montana, but now said defendant James R. Milne has departed from the state, and does not now reside in the state of Montana, but at

what particular place deponent does not know, and has not been able after diligent inquiry to ascertain. That there is good cause of action against said defendant J. R. Milne and in favor of said plaintiff, Arthur K. Ervin, as will fully appear by my verified complaint filed herein, to which reference is hereby made, and that said defendant J. R. Milne is a necessary and proper party defendant to this action. Since personal service of said summons cannot be made on said defendant J. R. Milne, I therefore ask that the clerk of this court cause the service of the same to be made by publication.

"[Duly signed and sworn to by J. M. Self.] Filed Dec. 18, 1891."

Plaintiff objected to the consideration of the affidavit and order, for the reason that they constituted no part of the judgment roll. This objection was overruled. Upon this showing, the court denied a writ of assistance. From this order the appeal is taken by plaintiff.

*Robinson & Stapleton* and *Dan Yancey* for Appellant.

*Forbis & Forbis,* for Respondents.

DE WITT, J.—The statute, in so far as it concerns the affidavit and order for publication which was in force at the time of the publication of this summons, is as follows:

"When the person on whom the service of a summons is to be made resides out of the territory or has departed from the territory or cannot, after due diligence, be found within the territory, or conceals himself to avoid the service of the summons, or when the defendant is a foreign corporation, or corporations, having no managing or business agent, cashier, secretary or other officer within the territory, and an affidavit stating any of these facts is filed with the clerk of the court in which the action is brought and such affidavit also states that a cause of action exists against the defendant in respect to whom the service of the summons is to be made and that he or it is a necessary or proper party to the action, the clerk of the

court in which the action is commenced shall cause the service of the summons to be made by publication thereof." (Code of Civil Procedure 1887, § 73.)

Upon the hearing it was contended, and was so held by the court, that the affidavit was insufficient. Counsel for defendant Sarah Milne makes the same contention in this court. He urges that the cases of *Alderson* v. *Marshall*, 7 Mont. 288; *Palmer* v. *McMaster*, 8 Mont. 186, and Id. 13 Mont. 184, conclusively sustain his position. If the statute applicable to the present case were the same as that which was passed upon in the above cases cited, those cases, we are of opinion, would be authority for the decision of the district court in this case. But it is to be observed that in all three of the Montana cases cited the decision was upon the statute of March 1, 1883 (Acts 13th Sess. p. 50). The act of 1883 was similar to that of 1887 quoted above, except that it provided that "the judge of the court in which the action is commenced, or the clerk of said court, in the absence of the judge, shall cause service of summons to be made by publication thereof," whereas the statute of 1887 provides, simply, "the clerk of the court in which the action is commenced shall cause the service of the summons to be made by publication thereof."

The change made in 1887 consisted in allowing the publication of summons to be made simply by the clerk, when the facts were shown as described in the early part of the section, whereas under the law of 1883, the publication must be caused by the judge, if he were present. Upon the trials of the three Montana cases cited, judgments were sought to be introduced in evidence, which judgments had been rendered by the publication of summons, which publication was made during the existence of the law of 1883. In the case at bar, plaintiff sought to prove a judgment rendered upon publication of summons made under the law of 1887. It is true that in the case at bar an order for the publication of summons was made by the judge; but this was an act wholly superfluous. (*Palmer* v. *McMaster*, 8 Mont. 193, 19 Pac. 585.) If the proper affidavit were made, the clerk could cause the publication, and the

intervention of the judge was unnecessary. The proof of the publication of summons was duly made by the affidavit of the foreman of the newspaper in which the summons was published. The questions, therefore, before us are whether the distinction between the law of 1883 and that of 1887 is important, and whether the reasoning of the decisions made upon the law of 1883 is controlling or persuasive in the construction of the law of 1887.

The question of defective affidavits for publication of summons was much discussed in the cases above cited, and many authorities were there reviewed. Where affidavits were held to be insufficient, the reasoning was upon the same line as expressed in *Ricketson* v. *Richardson*, 26 Cal. 149, in the following language: "An affidavit which merely repeats the language or substance of the statute is not sufficient. Unavoidably, the statute cannot go into details, but is compelled to content itself with a statement of the ultimate facts, which must be made to appear, leaving the detail to be supplied by the affidavits from the facts and circumstances of the particular case. Between the statute and the affidavit there is a relation which is analogous to that existing between a pleading and the evidence which supports it. The ultimate facts of the statute must be proved, so to speak, by the affidavit, by showing the probatory facts upon which each ultimate fact depends. These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit. To illustrate: It is not sufficient to state generally that after due diligence the defendant cannot be found within the state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the facts constituting due diligence, or the fact that he is a necessary party, should be stated. To hold that a bald repetition of the statute is sufficient is to strip the court or judge to whom the application is made of all judicial functions, and allow the party himself to determine in his own way the existence of jurisdictional facts, —a practice too dangerous to the rights of defendants to admit of judicial toleration. The ultimate facts stated in the statute

are to be found, so to speak, by the court or judge, from the probatory facts stated in the affidavit, before the order for publication can be legally entered."

In *Forbes* v. *Hyde*, 31 Cal. 342, *Ricketson* v. *Richardson* is affirmed in an elaborate opinion by Mr. Justice Sawyer. (*Palmer* v. *McMaster*, 13 Mont. 188.) This same reasoning was applied in all cases which we have examined. See cases cited in the Montana cases above mentioned. It was based upon the fact that the judge was a judicial officer and the court a judicial tribunal, and that the officer of the court must determine judicially whether the facts existed which entitled the plaintiff to the publication of the summons. Therefore the affiant must not simply plead, so to speak, the facts, but must introduce into his affidavit the evidence to support the ultimate facts. He must produce the evidence to support the allegations of his affidavit, that is to say, he must insert that evidence in the affidavit, so that the court or judge may judicially determine the sufficiency of the evidence. Therefore, in former cases decided by this court (cited above) it was held that a statement of the ultimate facts alone, or an insufficient statement of the probative facts, was bad.

It may be true, in some of the old cases in this court, the affidavits, as a matter of fact, came before the clerk in the absence of the judge,—as they might, under the law of 1883. If this were so, this fact was overlooked; for the decisions do not treat the matter as having been before a clerk,—a ministerial officer,—but proceed upon the ground that the same had been before a judicial officer. Therefore, the question of the affidavit, under the law of 1887, coming before the clerk solely and only, we may discuss as a question not decided by the reasoning of the former cases in this court.

Under the law of 1887, it was a ministerial act for the clerk to cause a summons to be served by publication, and in the performance of this act the clerk is a ministerial officer. (*Palmer* v. *McMaster*, 8 Mont. at page 193.) Therefore, does the reasoning which requires the probative facts to be brought before a judicial officer, that he may judicially determine whether

the probative facts establish the ultimate facts, apply to the matter when brought before a ministerial officer for ministerial action ? We think not. The reason for construing the statute as to publication of summons to the effect that the probative facts must be set forth was based wholly upon the fact that a judicial officer was to pass upon the sufficiency of the probative facts to establish the ultimate facts. This was the reason of the ruling under the law of 1883. But when the judicial officer disappears from the statute and the proceeding, and the ministerial officer takes his place, the reason for requiring the probative facts ceases with the disappearance of the judicial officer. To retain the reasoning of the cases decided under the law of 1883, and apply it to a case to be decided under the law of 1887, we must hold that the probative facts must be set forth, in order that a ministerial officer may judicially pass upon a judicial subject; that is to say, if we hold to the construction of the old cases, we by that construction raise a ministerial officer to the grade of a judicial officer. But ministerial officers have no judicial powers, and we cannot contemplate that the legislature, in the law of 1887, even intended to attempt to give judicial powers to a ministerial officer, viz, the clerk of the court. . Therefore, if the clerk is a ministerial officer,—and in this case he is (*Palmer* v. *McMaster*, 8 Mont. 193), would it be reasonable to hold that a matter coming to him for ministerial action must be presented as to a judicial officer ? We think not. Or, in other words, if the matter must be presented to the clerk for judicial action, he is a judicial officer *pro hac vice*; for determining the sufficiency of the affidavit is a judicial act. (*Palmer* v. *McMaster*, *supra*.)

We are satisfied that—the act of the clerk, under the law of 1887, in causing the summons to be published, being a ministerial act—it is necessary only to present the application by affidavit to him as a ministerial officer; and that a judicial question should not be submitted; and that the clerk should not be required to determine from the probative facts whether the ultimate facts exist; and that, as a consequence, the probative facts need not be set forth in the affidavit presented to the

clerk, but that the ultimate facts are sufficient; and that the affidavit submitted to the clerk is sufficient, if it sets forth, substantially in the language of the statute, enough of the ultimate facts recited in the statute as reasons for the publication of the summons. It is to be observed that it is not required that all of the causes for publication exist in a particular case. The language of the statute is disjunctive. An examination of the affidavit in this case makes it clear that sufficient of the ultimate facts recited in the statute were substantially set forth.

Another important question which appears in this case, but which it is not necessary to decide, is whether the affidavit for publication of summons is part of the judgment roll, and thus appears in the roll when the judgment is relied upon, or when one seeks to attack it; and furthermore, if the affidavit is not part of the judgment roll, what presumptions the judgment carries.

It seems that in the former cases above mentioned it was somewhat taken for granted that the affidavit was part of the judgment roll, and that there was no presumption of service if it did not appear. This ruling is not thoroughly supported by the decided cases in the most respectable courts. But that question is not now before us. The respondent procured the introduction in evidence of the affidavit, over the objection of the appellant. He therefore cannot now complain of a ruling which he obtained upon his own motion. (*Newell* v. *Meyendorf*, 9 Mont. 254; *State ex rel. Leach* v. *Board of Canvassers of Choteau Co.*, 13 Mont. 34; *Newell* v. *Nicholson*, ante 389; *State ex rel. Congdon* v. *Second Judicial District Court*, 10 Mont. 460; *Reed* v. *Poindexter*, 16 Mont. 294.)

The order denying the writ of assistance is therefore overruled, and the case is remanded, with instructions to the district court to grant the writ.

*Writ granted.*

PEMBERTON, C. J., and HUNT, J., concur.